NEW YORK,
May, 1827.

Mead
v.
Haws.

## LEVI MEAD *against* HAWS, PULTNEY and COLVER.

A warrant issued from a justice's court against "John Doe, the person carrying off the cannon," intended of Levi Mead, who was, when it issued, in the act of carrying off a cannon; and for whom it was intended. Being arrested under it, *held*, that Mead might maintain trespass [\*333] against the persons concerned in the arrest.

The arrest of a person by a wrong name cannot be justified, though he was the person intended, unless it be shown that he was known as well by one name as the other.

ASSAULT and battery, and false imprisonment; tried at the Columbia circuit, October 7th, 1824, before WAL-WORTH, C. Judge.

At the trial, the plaintiff proved that, as he was leading a horse at the carriage of a cannon, which he and others were taking from Hudson to Taghanick, he was arrested by Haws, the defendant, a constable of the city of Hudson, who delivered him into the custody of another of the defendants, Colver. The arrest was by virtue of a warrant in favor of Pultney, the other defendant.

The defendants offered to prove that the plaintiff, with others, having taken a brass cannon from the custody of the defendant, Pultney, at Hudson; and being in the act *of carrying it off, Pultney went to the clerk's office of the justice's court in Hudson, and took out a warrant, commanding to "take the body of John Doe, the person carrying off the cannon," to answer Pultney in a plea of trespass. That on this warrant the plaintiff was arrested; he having been in the act of carrying off the cannon, at and from the time of taking out the warrant, to the time of the arrest. On objection, the judge excluded the evidence.

Verdict for the plaintiff for $35, pursuant to the charge of the judge.

*E. Williams*, for the defendant, moved for a new trial.

*K. Miller*, contra, cited 8 East, 328; 2 Taunt. 399; 2 Campb. 271; 3 id. 110; Cowen's Treat. 328.

*Curia*, per SAVAGE, Ch. J. The judge was correct. It was decided in *Shadgett* v. *Clipson*, (8 East, 328,) that the defendant could not justify an arrest of the plaintiff by a wrong name, though he was the person intended to be arrested, unless it was shown that he was known by one name as well as the other. There was no offer to show

here, that the plaintiff was known as well by the name of John Doe as Levi Mead. The same principle is recognized in various other cases; (2 Campb. 270; 3 id. 110; 6 T. R. 234;) and, particularly, in the late case of *Griswold* v. *Sedgwick*, (6 Cowen, 456,) in which the subject was fully examined, and the authorities collected and considered by this court. The motion for a new trial must be denied.

[1] See Waterman's Arch. Cr. Practice & Pl. tit. *Arrest*; Barb. Cr. Law, p. 525.