DANIEL S. GRISWOLD *vs.* HENRY D. SEDGWICK, ROBERT SEDGWICK, THOMAS MORRIS and JOHN REID.

A replication of *de injuria*, &c. is good only where the matter alleged in the plea is by way of excuse, and not where it is insisted upon as giving a right. The circuit court of the U. S. is a court of general jurisdiction: the only limitation is as to the parties who can litigate there: but when a cause is depending in that court it is to be presumed to be regularly there.

If necessary, however, to shew jurisdiction, an averment that the parties are citizens of separate states, obviates the objection.

THIS was an action for false imprisonment. The defendants severed in their defences. The Messrs. Sedgwick plead the general issue, and specially, that before the said time when, &c. a suit was pending in the circuit court of the United States, for the southern district of New-York, in the second circuit, on the equity side of the court, wherein the plaintiff in this cause, being a citizen of the state of New-York, was complainant, and one Samuel Hill, being a citizen of the state of Massachusetts, was defendant, *and such proceedings were had in that suit,* that at a court holden on the equity side of the said court, before the Hon. W. P. Van Ness, one of the judges of that court at the city of New-York, on the 21st of January, 1824, the said judge, by virtue of the power and authority of the court, did make an order under his hand, that the plaintiff pay to the clerk of that court the sum of $1200 in ten days after notice. That due *notice of the said order was served on the plaintiff,* and on the 9th of February, the money directed by the said order to be paid, not having been paid, more than ten days having elapsed, a rule was entered in the rule book of the clerk of that court will not examine the proceedings of the circuit court, to ascertain whether they were according to the course and practice of that court. Such inquiry should be made in that court only. A defendant cannot justify the arrest of a plaintiff in an action of false imprisonment by a wrong name, though he is the person intended to be arrested, unless it is shewn that he is known as well by one name as the other. The fact of a witness being a partner of the plaintiff's attorney, interested in the costs, and probably expecting higher fees as counsel in case of success, is not such an interest as will exclude him from testifying. A person of the name of *Daniel* S. Griswold arrested on process against *Samuel* S. Griswold, may support an action against all persons having a direct agency in causing the arrest; but the circumstance of an attorney's or solicitor's name being subscribed to process without other proof of his agency, is not sufficient to charge him in an action for false imprisonment. Where a cause has been carried down to trial upon issues of fact, and contingent damages assessed on issues of law, and the replication of the plaintiff is subsequently adjudged to be bad, leave will not be given to amend ; nor in such a case will leave be given to amend a plea, also adjudged insufficient, where, from the facts ascertained on the trial, it is apparent that such permission would be useless.

court, that execution issue against the plaintiff for the cause aforesaid. That in pursuance of the last mentioned order, *Robert Sedgwick*, being the solicitor of Hill, the defendant in that suit, caused to be issued, and *Henry D. Sedgwick*, as the servant of Robert, and by his command, issued a writ out of the said court by virtue of the said order, directed to the marshal of the southern district of New-York, commanding him to take the body of the *plaintiff* and him safely keep, until he should perform all and singular the matters and things required of him in and by the said order, or until the court should make order to the contrary ; which writ was delivered to the marshal, by virtue whereof he arrested the plaintiff, as he lawfully might, which is the same trespass, &c. concluding with a verification and prayer of judgment.

To this plea the plaintiffs replied *de injuria sua propria ;* the *defendants* demurred, assigning special causes, and the plaintiff joined in demurrer.

The defendant, *Morris,* also plead the general issue and a special plea, setting forth the pendency of the suit between the plaintiff and Hill, and the two orders specified in the plea of the Messrs. Sedgwick ; that a writ was delivered to him as marshal of the southern district of New-York, reciting the second order, (but stating it to have been made on the 21st day of *February,* 1824,) the neglect of the plaintiff to comply with its requisitions, and commanding him to take the body of the said *Samuel* S. Griswold, and him safely keep until he should perform all and singular the matters and things required by the order ; that the order was in fact made on the 21st day of *January,* and not on the 21st day of *February,* as recited in the writ ; and that the recital was erroneous through the misprision of the clerk ; and that by a like misprision, the name *Samuel* was inserted in the writ instead of *Daniel ;* and that the plaintiff was, in fact and in truth, the person whom he, the marshal, was commanded to take, in and by the writ, according to the true intent thereof; that by virtue of that process, he arrested the plaintiff, as he lawfully might for the cause aforesaid, which is the same trespass, &c. concluding with a verification and prayer of judg-

ment. The defendant, *Reid,* plead the same pleas as Morris, except alleging that he was a deputy of the marshal, and as such deputy served the process on the plaintiff.

To the special pleas of Morris and Reid, the *plaintiff* demurred, and assigned special causes. The defendants joined in demurrer.

The cause was brought to trial on the issues of fact at the New-York circuit, in March, 1826. The plaintiff was non-suited. The nonsuit was set aside by this court in the October term, 1826, on the ground that the process on which the plaintiff had been arrested, on the face of it, did not authorize the arrest. (See 6 *Cowen,* 456.)

The cause was again tried in March, 1827. The plaintiff gave in evidence the process on which he had been arrested, which recited the order for the payment of the money, as made on the 21st *February,* 1824, and directed the arrest of *Samuel* S. Griswold; it was signed, *R. Sedgwick,* solicitor, and had the return of *non est inventus* indorsed upon it, signed by the marshal. It was proved that the Messrs. Sedgwick were partners in business, and that the defence of the suit of Griswold and Hill was conducted by them ; that the process was delivered by *Henry* S. to the marshal's officer, with special instructions relative to its service, and that after the arrest of the plaintiff, he refused to consent to his discharge ; that the plaintiff was discharged by the marshal on his discovering the *misnomer* in the writ ; that a day or two after the arrest, *Robert* S. remarked to one of the marshal's officers, that if his brother *Henry* had not consented to plaintiff's discharge, the marshal would have been liable for an escape. H. W. Warner, esq. was a witness for the plaintiff, and previous to testifying in chief, was sworn on his *voir dire.* He stated on his examination, that he was a partner of the attorney on record for the plaintiff. He was asked whether he would not expect higher counsel fees in case the plaintiff succeeded in the suit ; which question being objected to, was overruled by the circuit judge as going to his credibility and not his competency, and he was sworn *in chief.* The defendants excepted to this decision. On the part of the defendants, the order of the circuit court of the 21st *Janua-*

ry, 1824, for the payment by the plaintiff in this suit of the sum of $1200, notice of the same to the plaintiff, and an entry of a rule or order in that court on the 2d *February*, 1824, that execution issue for the amount, were shewn.

The cause was summed up, and the judge charged the jury that all [objections to the regularity of the proceedings in the circuit court of the U. S. must be disregarded, and that the writ must be considered as regularly issued. That it however afforded no justification to such of the defendants as had a direct agency in the arrest, inasmuch as a writ against *Samuel* S. Griswold would not authorize the arrest of *Daniel* S. Griswold. That the fact of the name of *Robert* S. being subscribed to the writ as solicitor, unsupported by proof of his co-operating in, or countenancing the arrest, was not enough to charge him as a party defendant, but that the jury were bound to find a verdict against all the defendants directly concerned in the arrest. Both parties excepted to the charge; the defendants, because the judge, although requested, did not charge the jury that a full and complete justification had been established ; and the plaintiff, because the regularity of the proceedings of the circuit court was not permitted to be inquired into, and because the judge instructed the jury that the evidence would not warrant a verdict against *Robert* Sedgwick, the solicitor, in whose name the writ had been issued on which the plaintiff had been arrested. The jury found a verdict against *Henry* D. Sedgwick, T. Morris, and J. Reed, and assessed damages at six cents against each, and found a verdict in favor of *Robert* Sedgwick.

At the last May term, the cause was argued on the two demurrers and two bills of exceptions by *R. Sedgwick*, for the defendants, and *H. W. Warner* and *D. B. Ogden*, for the plaintiff. The course of argument as to the regularity of the proceedings in the circuit court of the U. S. and the validity of the pleas, was much the same as when this cause was before the court in 6 *Cowen*, 456 *to* 464. On the part of the *defendants*, in support of the demurrer to the plaintiff's replication, the following authorities were cited : 1 *Chitty's Pl.* 563, 4; *Crogate's case*, 8 *Co.* 67, *a.* ; *Com. Dig. Pleader*,

UTICA,
Aug. 1828.

Griswold
v.
Sedgwick.

*F.* 19, 20 ; 4 *Johns. R.* 159 ; 5 *Johns. R.* 112 ; 12 *Johns. R.* 491 ; and in support of the exception to the opinion of the judge relative to the competency of the witness, 1 *Phil. Ev.* 48, 49, 53. On the part of the *plaintiff,* the following authorities were quoted in support of the replication : 1 *Chitty's Pl.* 572, 577, 581 ; 6 *Johns. R.* 26 ; 17 *Johns. R.* 272 ; and as to the insufficiency of the pleas, 2 *Coke,* 16 ; *Cro. Car.* 527, 179 ; 1 *Saund.* 73 ; 5 *Cranch,* 173 ; 3 *Cowen,* 206 ; 19 *Johns. R.* 39 ; 3 *Dallas,* 54 ; 5 *Bac. Abr.* 169, *sect.* 13 ; 1 *Str.* 509 ; 11 *Johns. R.* 444 ; 2 *Johns. C.* 49 ; 15 *Johns. R.* 152 ; 2 *Wils.* 382 ; 1 *Mod.* 209 ; 3 *Wils.* 368 ; 12 *Johns. R.* 267 ; 1 *Chitty's Pl.* 183, 515 ; 2 *Str.* 993 ; 11 *Mass. R.* 507 ; 5 *Cranch,* 185 ; 3 *Wheaton,* 212, 221 ; 1 *Newland's Pr.* 193 ; *Wyatt,* 205 ; 3 *Wils.* 376 ; 7 *Johns. R.* 75 ; 2 *Wils.* 341.

*By the Court,* SAVAGE, Ch. J. The first question is, whether the replication is good ? The resolutions in *Crogate's case,* (8 *Co.* 132,) establish this rule :. that where the plea contains matter of excuse only, there the replication of *de injuria sua propria absque tali causa* is a good replication ; but not where it contains matter of justification, whether that justification rest upon matter of right or interest, or upon an authority from the plaintiff, or upon authority given by law. In *Jones* v. *Kitchin,* (1 *B. & P.* 80, 1,) *Eyre,* chief justice, says, " If we were now to break in upon the rule so satisfac torily. laid down in *Crogate's case,* we should confound all the rules of pleading." (2 *Saun.* 295, *n.* 1. *Com. Dig. F.* 18, 20. *Willes,* 100, 202. 1 *Chitt. Pl.* 564, 581, 2, 3, 4, and cases there cited.) The point is also perfectly settled in this court, (4 *Johns. R.* 159, 5 *Johns. R.* 112,) where Kent, chief justice, says, " The rule is, that the general replication, *de injuria,* &c. is bad where the defendant insists on a right, and is good only where he pleads matter of excuse." (See also 12 *Johns. R.* 491.) The same rule is recognized in 7 *Cowen,* 46, *Allen* v. *Crofoot.* The replication is therefore clearly bad.

The next question is upon the validity of the plea. It states the proceedings in part ; and if the circuit court is to be considered a court of general jurisdiction, the plea states

more than was necessary to give validity to its process. In this plea, no question of misnomer or mistake can arise, as the order is stated to have been made against the complainant. Notice of the order was served upon him. He is said to have neglected to comply with the order of the court, and according to the plea, the process was issued against the present plaintiff. In *Baldwin* v. *Hale*, (17 *Johns. R.* 272,) it was said by this court, that " the circuit court of the United States, in relation to this court, is neither a superior nor an inferior court, but it is to be regarded as a court of another government." It is a court constituted by a statute of the general government, and is a court of general jurisdiction. The only limitation is as to the parties who can litigate there ; and when parties are litigating in that court, we are not to presume that they are there irregularly. But if it were necessary to state enough to give jurisdiction, that is done by the averment that the complainant was a citizen of this state, and the defendant a citizen of Massachusetts. The court then had jurisdiction of the persons of the parties, and of the subject matter ; and being a court of general jurisdiction in every other respect, except that particular in relation to which jurisdiction is shewn, this court will not examine the proceedings, to ascertain whether they were according to the course and practice of that court. Such an inquiry should be made in that court only. On this point, the opinion of this court has already been expressed in this cause. (6 *Cowen*, 463, 4.) My conclusion, therefore, is, that the plea is good. The replication being bad, the defendants, the Sedgwicks, are entitled to judgment upon the demurrer ; and as the whole matter has been before a jury upon the general issue, I can perceive no benefit in allowing an amendment.

The next subject of enquiry is the validity of the pleas of the defendants, Morris and Reid. These pleas admit the error in the process in the name of the party, and aver that the mistake was the misprision of the clerk or the solicitor, and that the plaintiff was the person intended to be affected by the proceedings in the circuit court. These facts are admitted by the demurrer, but in my judgment do not vary the

UTICA,
Aug. 1828.

Griswold
v.
Sedgwick.

case from what it was when heretofore before us. The cases there cited, particularly the case of *Shadgett* v. *Clipson*, (8 *East*, 328,) decides that the defendant cannot justify the arrest of the plaintiff by a wrong name, though he was the person intended to be arrested, unless it was shewn that he was known as well by one name as the other. The correctness of this doctrine was admitted, and the same was adopted by this court in *Mead* v. *Hawes*, (7 *Cowen*, 332.) These pleas are bad. This point was virtually so decided in the decision already referred to. (6 *Cowen*, 460.) The plaintiff is therefore entitled to judgment on the demurrer to the pleas of the defendants, Morris and Reid; and here too, I apprehend an amendment would be useless.

The remaining points to be decided, arise upon the bills of exceptions. The cases and principles just adverted to, decide the defendants' bill of exceptions. The evidence upon which they relied consisted of the proceedings of the circuit court, which it was insisted, constituted a sufficient authority for the arrest, and, of course, a good defence in this cause. The judge decided according to the former decision of this court, that these proceedings and writ did not authorize the arrest. This was correct. The motion of the defendants for a new trial must, therefore, be denied.

One other point was made, as to the admissibility of Mr. Warner. He was objected to on the ground of interest, being a partner with the plaintiff's attorney, and interested in the costs, and probably expected higher fees as counsel in case of success. This is not a certain interest, which alone is sufficient to exclude a witness.

The judge, in charging the jury, instructed them, that with the regularity of the proceedings of the circuit court, this court had nothing to do; that, for the purpose of this suit, the proceedings in that court must be considered the acts of the court; the writ must be considered regularly issued, but, from an error in issuing it, the writ was against *Samuel*, instead of *Daniel* S. Griswold; and that the plaintiff, having been arrested under this writ, was entitled to their verdict in his favor, against such of the defendants as had had a direct

agency in causing the arrest; but that the circumstance of the defendant, R. Sedgwick's name, being subscribed to the process without other proof of his agency, was not sufficient to charge him in this form of action. Upon so much of the charge as relates to the power of this court to look into the proceedings of the circuit court, an opinion has already been expressed upon the demurrer, in coincidence with that expressed by the learned judge at the trial. I concur with him, also, as to the liability of the defendant, R. Sedgwick. He took no active part in the transaction. It did not appear, on the trial, that he knew any thing about it till the day after the arrest and discharge of the plaintiff. The case of *Barker* v. *Braham & Norwood*, (3 *Wils*. 368,) is cited as an authority to shew the liability of an attorney in the cause for false imprisonment, under process issued by him. That was a case of a *ca. sa.* issued against an administratrix, to compel payment of a judgment against her as administratrix. The facts there were different from this case. There the attorney made out the writ himself; he delivered it to the officer, and gave him orders and directions to take and arrest the administratrix in execution. After a long and learned argument, both by counsel and by Chief Justice *De Grey*, who gave the opinion of the court, he concludes as follows : "Upon the whole, Norwood, in this case, sued out the capias, and delivered it to the officer to be executed. Upon this ground, we are all of opinion that judgment must be entered for the plaintiff, against both Norwood, the real actor, and his client, Mrs. Braham, the nominal actor." In this case, R. S. was not an actor, and so not liable. The motion for a new trial, by the plaintiff, must be denied.