EVELINA H. SCOTT *vs.* ELY and WHITE.

Justices of the peace may commit the mother of a bastard child to prison for refusing to discover the putative father.

A warrant under which a false imprisonment takes place, produced on the trial by a plaintiff, is evidence of the facts contained in it, until gain-sayed by proof on his part.

A misnomer in the warrant of the person arrested, subjects the actors to an action for false imprisonment.

THIS was an action of false imprisonment, tried at the Orange circuit in October, 1828, before the Hon. JAMES EMOTT, one of the circuit judges.

The plaintiff was the mother of a *bastard child;* and being brought before the defendants, two of the justices of the peace of the town of Blooming Grove, and refusing to be sworn and examined as to the putative father of her child, the defendants issued a warrant directing her to be committed to the common jail of the county, there to remain until she should consent to be sworn and examined; on which warrant she was arrested and imprisoned for 20 days. The plaintiff proved the arrest and imprisonment, and produced the warrant of commitment, bearing date the 17th May, 1828, which, after reciting that Emeline Scott, a single woman, an acknowledged pauper of Blooming Grove, had, on the 9th day of April then last past, been delivered of a male bastard child, and that she had been brought before the defendants, justices as aforesaid, upon the complaint of the overseers of the poor of the town, to testify on oath who was the father of the child, and that she refused to be sworn and to state who was the father of the child, commanded the constables of the town to convey her to the common jail of the county, and to deliver her to the keeper thereof, there to remain, &c. It was proved that the plaintiff, Evelina H. Scott, was the person who was brought up before the justices to be examined, and who was directed by the defendants to be arrested on the warrant issued by them. On this evidence the plaintiff was non-suited. A motion was now made to set aside the nonsuit.

Scott
v.
Ely.

*J. R. Van Duzer*, for plaintiff. No authority is given to justices of the peace, by the act for the relief of towns in respect to bastard children, to commit a mother for refusing to be sworn when brought before them for examination. Special tribunals, deriving their powers from statute, take nothing by implication. (11 Johns. R. 175.    id. 444.    19 id. 39.) The defendants were bound to justify themselves. (3 Cowen, 206.) The recitals in the warrant were not even *prima facie* evidence of the facts therein stated. (1 Cowen, 316.    7 id, 88.) The warrant being against a person of a different name from that of the plaintiff, she was entitled on that ground to a verdict. (7 Cowen, 332, 262.    6 id. 456. 19 Johns. R. 3.

*Wilkin & Benton*, for defendants. The justices had authority to commit the mother for refusing to filiate her bastard child : they are required, on examination, to make orders in such cases for the relief of the town, and if the mother could not be compelled to answer, the statute would be nugatory. The power to commit is necessarily incident to the authority conferred upon the justices, and is contemplated by the statute ; for it prohibits the justices, from *compelling* answers relating to pregnancy until after the birth of the child. (1 R. L. 309, § 7.) Our statute is nearly a transcript of the English statute 16 Eliz. ch. 3 ; and under it, although no express authority is given, the practice is to commit the mother for not filiating her bastard child. (9 East, 364.    2 W. Black. 1017.)

The contumacious person, and not a stranger, was arrested and imprisoned under the warrant, and the mere error in the name of the party ought not to subject officers, acting judicially, to an action for false imprisonment. The warrant being produced by the plaintiff is evidence of the facts set forth in it until contradicted by other proof.

*By the Court*, MARCY, J.    On examining the " act for the relief of cities and towns for the maintenance of bastard children," I confess I was at a loss to discover a clear authority, either expressed or implied, to justices to commit the mother of a bastard child, for refusing to affiliate the child ;

but it appears from the cases of *Billings* v. *Perin and others*,

(Sir Wm. Black. 1017,) and *Weller* v. *Take*, (9 East, 364,)
that such power is exercised under the British statute without
any question as to its legality. On comparing the two acts it
is quite evident that they are very similar in their language
and convey the same authority to justices charged with the
execution of their provisions. The relief intended to be af-
forded could not be obtained in all cases unless the mother
could be compelled to discover the putative father. Upon
the principle that necessary powers are implied, it is correct,
perhaps, to consider the justices clothed with the power
which they exercised in the case now under consideration.
Such certainly are the views which have been entertained
for a long time by the courts in England. Where the con-
struction of a statute has become settled, courts have very
properly acquiesced in such construction, even if doubts
arise in their minds as to its correctness. The mother is to
be examined by the justices, (1 R. L. 309, § 7,) and if she is
contumacious, it seems proper they should have power to
punish her contempt. I am inclined, therefore, to concede to
justices under our act the same powers which have long been
exercised under the 16th Eliz. chap. 3.

The plaintiff having introduced the warrant, by virtue of
which she was arrested and imprisoned, it is to be taken as
evidence of the facts stated in it until she shows the contra-
ry. If what is set forth in it be taken for true, and the act
will allow the construction that has been given to it, a com-
plete justification is made out for the defendants, unless the
mistake in the warrant of the plaintiff's name should make
them liable.

There is no doubt but the plaintiff is the person against
whom the warrant was issued, and the defendants gave ex-
press directions to the constable to take her on it; but the
warrant was no authority for so doing. The name of the
plaintiff is *Evelina,* and the warrant is against *Emeline.*
There can be no pretence that the name is the same. But
it is said there is no doubt as to the person. There was
no doubt as to the person in the case of *Griswold* v. *Sedg-*

*wick*, (6 Cowen, 456.) There was in that case as in this a mistake in the christian name. *Samuel* was substituted for *Daniel*. The person intended to be taken was taken, but he sustained his action for false imprisonment by reason of the misnomer. I do not think that this case can be distinguished from that. The same point was decided in the case of *Mead* v. *Hows and others*, (7 Cowen, 332.) See also 8 East, 328 ; 2 Campb. 270.

Motion for new trial granted.