## THOMAS vs. VAN DOREN, PEASE & PEERS,

1. An objection to a plea puis darrien continuance that it was not pleaded in proper time, cannot be taken advantage of by the plaintiff, on demurrer; but it should be made on motion to set aside the plea.

2. It rests, however, in the discretion of the court, to receive such a plea or not, after more than one continuance between the time the matter of the plea arose, and the putting in of the plea.

3. A plea must state facts, and not the belief of the party of the existence of those facts.

Opinion of the Court delivered by Tompkins Judge.

Thomas commenced his action by petition in debt against the defendants in the circuit court. The writ was returned to the March term for the year 1838. At this term pleas were filed and the cause was continued from term to term till the term of July 1839, when one of the defendants was

allowed to file another plea, he having made oath that the subject matter of the defence intended to be set up did not come to his knowledge till since the last term of the said court. The plea contained substantially this statement, that on the 8th day of March 1838, at the City of Washington, the defendant gave to Thomas, as collateral security for the payment of the note sued on, as well as of another note of the defendant made to the plaintiff Thomas of the same amount, certain notes made by several individuals payable to Van Doren, Pease & Co. to the amount of two thousand six hundred and twelve dollars and sixty-three cents, all of which notes the said Thomas had either collected or otherwise disposed of, and had failed to give the defendant any credit for. In the plea it was further stated, that at the same time he gave to the plaintiff Thomas, one hundred and thirty-eight shares of the capital stock of the sugar loaf coal company of the par value of fifty dollars per share amounting to, and worth six thousand nine hundred dollars. This stock was also delivered as collateral security for the notes above mentioned, which stock the defendant avers that he does believe the said Thomas has sold, or otherwise disposed of at its par value, and for this also he avers that he has had no credit allowed. To this plea a demurrer was filed by Thomas. The court overruled the demurrer, and Thomas by the writ of error brings the cause here, to reverse the judgment of the circuit court. For the plaintiff it is contended that the plea is filed too late. In the case of Smith vs. Dyer, 10th Johnson, 162. The court say that the proper course for the plaintiff if he wish to avail himself of the objection that the plea was not pleaded in season, is by motion to set it aside and not by demurrer, on demurrer this court are to judge from the plea itself, whether it is good in form or substance, and not whether it was put in in the regular time for pleading such plea. It rests in the discretion of the court to receive it or not, even after more than one continuance between the time that the matter of the plea arose, and the coming in of the plea, and this discretion will be governed by circumstances extrinsic, and which cannot appear on the face of the plea. But this plea is bad in itself. In

*An objection to a plea puis darrien continuance that it was not pleaded in proper time, cannot be taken advantage of by the plaintiff, on demurrer; but it should be made on motion to set aside the plea. It rests, however, in the discretion of the court,*

SEPT. TERM
1839.

Thomas
vs,
Van Doren
Pease & Peers
to receive
such a plea or
not, after
more than
one continu-
ance between
the time the
matter of the
plea arose, &
the putting in
of the plea.
A plea must
state facts, &
not the belief
of the party
of the exist-
ence of those
facts.

the first part of the plea it is well averred that all the notes amounting to two thousand six hundred and twelve dollars and sixty-three cents, the said Thomas has collected, &c.

But in the second part he avers that he does believe that the said Thomas has sold or otherwise disposed of the said stock at its par value &c. Certainly his belief cannot be issuable matter; it being quite immaterial to the merits of the case what he may believe, and quite impossible for Thomas to prove that he does not believe. For this defect in the plea, the demurrer ought to have been sustained. The discretion of the circuit court does not appear to have been improperly exercised in admitting the plea at the time it was filed, and even had there been a motion to strike it out it is not apparent to me that such motion ought to have prevailed. But because of the defect in the plea above mentioned the judgment of the circuit court is reversed, and the cause will be remanded for further proceedings in conformity to this opinion.

### Scott and Zeigler for Appellant.

1. That the doctrine of amendment does not apply to, or mean the introduction of a new substantive defence. But only to new mould or put into proper form the defence first relied on, and the plea here filed was a new substantive defence. Rev. Code 458 sec 8. Do. do. 467, sec. 1–2. 5 Cowen 37. 18 John Rep. 310. 17 do 3. 2 Wendell 259. 1 Wendell 126.

2. That the plea in this case if, intended as a plea in bar and if allowable at the proper time, came here too late after the cause was called for trial. Rev. Co. 458, s. 6. Do. do. 467, sec. 1–2.

3. That the plea itself upon its face shews that the defence contained, if any, was known to the party at the time of filing his original pleas to the merits of the action at the return term of the writ. The writ is dated 15th day of July 1838, returnable to the 3rd Monday March term 1838. The defence set up in the plea is dated the 8th day of March 1838.

4. Consequently that this matter could not be filed as a plea of puis darrien continuance for the record and plea shews that several terms had elapsed and several continuan-

SEPT. TERM 1839.

Thomas
vs.
Van Doren
Pease & Peers

ces intervened before this plea was offered or filed.   1 Chit. Pl. 531–2.   1 do. do. 636.   1 do. do. 697.   1 do. do. 634–5. 1 do. do.  696–7.   Bul. N.  P. 310.   4 East. Rep. 502.   2 Sanders Pl. & Evi. 723.

5. That no plea of puis darrein continuance can come in after the lapse of one or more terms after the matter of defence arose.  3 Bla. Com. 316.  1 Som. Rep. 198.  Selwin N. P. 118.   L. Raymond 693.  2 Wel. Rep. 137–8–9. 5 Bac. Abr. 477–8–9.  2 Sak.  Rep. 519.  Bullers N. P. 309. 1 Chit. Pl. 637.   1 do. 698.

6. But if such plea could come in after the lapse of a term, upon terms imposed by the court, still this plea is defective in form and substance and presents no complete bar to the plaintiffs action.  1 Chitty Pl. 637–8.  1 do. 698–9.  Buller N. P. 309–10.  2 Wel. Rept. 137–8–9.  Selwin N. P. 118.   La Ray'd 693.  5 Bac. abr. 477–8–9–80, forms of pleas.  2 Chitty 676–8.  3 do. 1238–9–40.  2 Harris ent. 14–89.  3 Blac. Com. 316.  9 John Rep. 221.  1 vol. Mo. Rep. 416–17.

7. But suppose the plea intended not as a plea of puis darrien continuance, but as an amended plea in bar to the action still it is defective because it states that the notes and stock &c., were given as a collateral security and not given and received in satisfaction and payment of the claim, nor is there any averment that the notes and stock in the plea named produced the satisfaction or resulted in the payment of the debt in the note in this suit mentioned.   9 John Repts. 221.   5 Peters Repts. 232.   1 Sanders Pl. & Evi. 110.   3 East's. Rept's. 99–251.

*Frissell for Defendant in Error.*

1. The plea in this case was not put in too late.

2. The case of Morgan and Smith vs. Dyer, 10 John Rep. 161, is a case in point.

In this case the declaration was filed May term 1811, imparlance to August term of same year, when defendant plead nul tiel record, and continuances were entered until Oct. term 1812, and in vacation following the defendant plead puis darrein continuance to wit, on the 24th of September 1811 he had been discharged under the insolvent debtors act.

SEPT. TERM
1839.

3. If a plea is put in at an improper time the proper course is to move to strike out, not to demur. 10th John. 161.