### SOLOMON M. PIKE *vs.* JACOB ACKER, Sheriff.

Defendants under an execution at the suit of B. & H. against Samuel M. P., levied on the property of the plaintiff, Solomon M. P. The deputy sheriff at the time of levy showed the execution to plaintiff who said he had never been served with process. Plaintiff made a motion (which was denied) to set aside the judgment, on an affidavit entitled Samuel M. P. impleaded with others, naming them, and then followed "Samuel M. P. being sworn," &c., but this mistake was explained by the attorney who drew the affidavit; the affidavit was signed, "S. M. P." About a year after this motion was made, plaintiff said he was not named in the execution, his name being Solomon. Plaintiff brought replevin against defendant and offered to prove that he had been out of the state and had never been served with any process or declaration by any name at the suit of B. & H., and that he was named Solomon, and his brother Samuel. This was rejected and plaintiff nonsuited. *Held*, on a case, that plaintiff was not estopped by any thing he had done, and that a new trial should be granted.

The defendant could not make out an estoppel without satisfying the jury that the plaintiff knew the execution was against Samuel, and then either admitted his liability in express terms, or stood by and allowed the deputy to make the levy, without informing him of the error.

When a party has made an admission for the purpose of influencing the conduct of another, and the other party has acted upon it, the admission will operate as an estoppel *in pais.* But admissions after the act are but evidence, more or less cogent according to the circumstances of the case. They do not go back and make an estoppel by relation. *(a)*

REPLEVIN tried before KENT, Cir. J., at the New York circuit in July, 1842. Barker & Holt recovered a judgment in this court in an action upon contract against *Samuel* M. Pike and three others. A fi. fa. was issued on the judgment to the sheriff of New York, and the defendant, being such sheriff, levied the fi. fa. upon the goods of the plaintiff in this suit, whose name is *Solomon* M. Pike. The plaintiff thereupon brought this action.

The deputy sheriff testified that when he made the levy he showed the execution to the plaintiff, who said nothing about his name being wrong; but said he had not been served with process. About a year afterwards, he said he was not named in the execution, his name being Solomon.

*(a)* See *Farrell* v. *Higley*, ante p. 87.

Pike v. Acker.

This was after he had applied to the court to set aside the judgment. The plaintiff had made an application to this court to set aside the judgment, his affidavit on that occasion stating that the suit was commenced by the filing of a declaration pursuant to the statute, but that the declaration had never been served upon him. The motion was denied, but on what ground did not appear. The affidavit then made was entitled *Samuel* M. Pike impleaded with others, naming them; and then followed—" *Samuel* M. Pike, the defendant, impleaded, &c., being duly sworn doth depose and say," &c. It was signed " S. M. Pike." The attorney who drew the affidavit testified that he was employed to make the motion; that he took the name from the declaration; that the point to which his attention was called was the fact that the declaration had not been served. Witness thinks he read the affidavit over to the plaintiff, but not the title of the cause, and that he began with the words " being duly sworn." He never heard of the question about the name until after the motion had been made, and about the time this suit was brought.

The plaintiff offered to prove that he was out of the state at the time the suit of Barker & Holt was commenced, and was never served with either process or declaration by any name at their suit; that his true name was *Solomon*, and he has a brother whose name is *Samuel* M. Pike. The judge rejected the evidence, and nonsuited the plaintiff, who now moves for a new trial on a case.

*A. Criss* and *G. Wood,* for plaintiff.

*N. B. Blunt,* for defendant.

*By the Court,* BRONSON, J. The execution against *Samuel* was no justification to the sheriff for seizing the goods of *Solomon ;* and if it could be shown that the plaintiff (Solomon) was one of the joint contractors who were intended to be sued, as was probably the fact, it would not help the defence. The difficulty would still be, that there was no execution against the person whose goods were seized.

(*Griswold* v. *Sedgwick*, 6 Cow., 456; *Scott* v. *Ely*, 4 Wend., 555.) If the plaintiff had been served with the declaration at the suit of Barker & Holt, and had appeared in that action without pleading the misnomer in abatement, his goods might then have been taken by virtue of the execution. He would then have admitted that he was properly sued by the name of Samuel, and would be estopped from afterwards gainsaying it. (*Crawford* v. *Satchwell*, 2 Str., 1218; *Cole* v. *Hindson*, 6 T. R., 234, and 235–6, *per Kenyon*, C. J.) But here it does not appear that the plaintiff was sued, or that he appeared in the original action. His offer to show that in point of fact he had not been served with either process or declaration was more than was necessary to his success. It was for the defendant to show that the plaintiff had been sued. In *Reeves* v. *Slater* (7 B. & C., 486), John *Stowe* Lundie had confessed a judgment by the name of John *Stone* Lundie, and it may well be that he could not question the levy of an execution upon his goods.

The deputy says he showed the execution to the plaintiff at the time he made the levy. But the fair inference from the facts is, that the plaintiff did not notice that he was not the party named in the execution; and there is no pretence that the deputy made the levy in consequence of any admission of the plaintiff that his goods were subject to the execution. The plaintiff told the deputy he had not been served with process, and he soon afterwards swore to that fact and moved to set aside the judgment. At this time he seems to have been under the impression that there was a judgment and execution against him; but when he afterwards discovered the fact to be otherwise, he brought this action. The defendant could not make out an estoppel without satisfying the jury that the plaintiff knew the execution was against *Samuel*, and then either admitted his liability in express terms, or stood by and allowed the deputy to make the levy, without informing him of the error.

The affidavit which the plaintiff made, if wholly unexplained, would not conclude him. A motion to set aside a judgment for irregularity is not an appearance in the action. It is quite too late to appear to the action after judgment

has been perfected. The plaintiff was only in court for the purposes of the motion. And besides, the levy was made—the wrong for which the action was brought had been done —long before the affidavit was made. When a party has made an admission for the purpose of influencing the conduct of another, and the other party has acted upon it, the admission will operate as an estoppel *in pais*. But admissions which come after the act are but evidence, more or less cogent according to the circumstances of the case. They do not go back, and make an estoppel by relation.

But the affidavit, as explained by the attorney who drew it, proved little or nothing against the plaintiff. He probably did not know that he was misnamed in the title and beginning of the affidavit, which seem not to have been read to him.

New trial granted.