## Case No. 11,781a.

### RICHARDSON v. ELDRIDGE.

[18 Betts. D. C. MS. 104.]

District Court, S. D. New York. April 2, 1851.

WITNESS — INTEREST — ADMIRALTY PRACTICE — PROCTOR—COSTS.

[A proctor in the Southern district of New York is a competent witness. but he ought not to recover costs upon his own evidence alone.]

[This was a libel by John Richardson against Eldridge, master of the ship Garrick, for seaman's wages.]

BETTS, District Judge. The only witness offered to support the action is the proctor of the libellant, and the objection is raised that he is incompetent because of his direct interest in the costs of the suit. The court has had occasion to consider this point in

previous cases, and held that the witness, under such circumstances, was not incompetent, although it would strongly discountenance proctors being used as witnesses to prove the case of their clients, and is always reluctant to decree upon their testimony alone. The admiralty court of the Eastern district of Pennsylvania interdicts the admission of proctors or advocates as witnesses of their clients, except as to matters provable by the affidavit of a party. Rule 37. And in England the judges seem lately to have pronounced it an entire disqualification to a witness that he is counsel concerned in the trial of the cause. 10 Law Reporter, 136, citing Dunn v. Parkwood, 1 Bail. Ct. R. 212; Stones v. Byron, 1d. 248. The supreme court of New York, however, hold that the attorney has no certain interest in the cause, and that an interest in the costs to be recovered, or the expectation of enhanced counsel fees, is not a sufficient interest to exclude him. Griswold v. Sedgwick, 1 Wend. 132; Robinson v. Dauchey, 3 Barb. 31. In the latter case the court consider it as properly exposing the testimony to observation before the jury. When, in this court, the proctor presents himself as the sole witness in the cause, it is proper, as a general rule, that his interest in the costs should be so far regarded that costs should not be awarded his client. The court has a right to expect some corroborative evidence of the right of action or right of defence, beyond that of a witness directly interested to secure a decree for costs, for, whatever may be the general theory as to the liability of the party to his proctor for costs, in this court it is notorious that in suits like the present, where a seaman prosecutes for wages, the proctor has rarely any other resource for his compensation than the recovery in the action. This will necessarily induce the court to be cautious in allowing the testimony of a proctor, supported by no other circumstance, to govern the decision, both in respect to the right of the client on the merits, and the additional equity of costs. The evidence of the proctor in this case relates to no fact affording a right of action. He is not cognizant of the hiring of the libellant, or his service on board the ship commanded by the respondent. He speaks only to declarations and admissions made by the respondent to the witness after the demand was in his hands for collection. After testifying to the admission of the respondent that he owed the libellant $16 for wages of one month and two days, and a promise to pay the amount, with costs, the proctor, on a cross-examination, says the defendant insisted that the libellant was entitled to no wages, as he was not entered on the ship's articles, and had left her without leave on arriving at this port, and before his work was done, and thought he had forfeited wages, if entitled to any, by his desertion. Beside that, the proctor stated to the respondent he was mistaken as to the law,

and lead authorities to him to convince him he was so, and that he had no defence to the claim.

I do not advert to the testimony with a view of intimating the slightest distrust of the integrity of the witness, but as in point to show how liable a proctor may be to mingle with his recollections of the admissions of the party his own impressions of the effect of his reasonings and persuasions, and also to show that in this very instance the defendant acted under the belief he had a sufficient defence to the action, and gave up that opinion only to the statements and arguments of the attorney to the contrary. This is a dangerous position for an attorney and adverse party to stand in relation to each other, during the progress of a cause actually pending and in litigation in court. Besides, it seems the defendant insisted the witness should go to his proctor, who would then pay the demand, but the witness refused to do that when the defendant said he would pay the amount if sent to his vessel. I think, on general principles, the defendant ought not to be charged with costs to the libellant, on this evidence, but that a decree must be rendered against him for $16 wages. The defendant to pay his own costs.