JOHN R. MILLER *vs.* WILLIAM FOLEY.

Where a warrant, issued by a justice of the peace, recited a complaint against *John R.* Miller, for a felony, and commanded the officer to arrest "the *said William* Miller;" *Held* that the warrant afforded no justification to the officer for the arrest of John R.; although it was proved that he was the person intended.

THIS was an action for false imprisonment, tried at the Onondaga circuit, before MULLIN, J. The defendant justified as a constable, and under a warrant issued by a justice of the peace reciting a complaint for a felony against *John R.* Miller, and commanding the officer to arrest "the *said William* Miller." The judge at the circuit, upon proof that the plaintiff was the person intended, held the warrant a justification to the officer and nonsuited the plaintiff; who appealed to the general term.

Miller *v.* Foley.

*J. W. Loomis,* for the appellant.

*Mr. Wallace,* for the respondent.

*By the Court,* W. F. ALLEN, J.    We held in *Graff* v. *Mullin,* (April, 1856,) following the current of authority, that process for the arrest of an individual must so describe the person intended that the officer would know who to arrest, and the party whose liberty was threatened might know whether he was bound to submit; and that it was not sufficient that the person in fact intended was arrested.    In that case the initial, only, of the christian name of the party was given in the warrant.    This is the rule, as well in civil as in criminal cases.    (*Griswold* v. *Sedgwick,* 6 *Cowen,* 456 ; *S. C.* 1 *Wend.* 126.    *Scott* v. *Ely,* 4 *id.* 555.    1 *Russ. on Crimes,* 619.    *Hoye* v. *Bush,* 1 *M. & Gr.* 775.)    The recital in the warrant, of a complaint against the plaintiff, cannot aid the defendant.    At best it left it doubtful which was the true name of the party to be arrested.    A party cannot have two christian names. (*Rex* v. *Newman,* 1 *Ld. Ray.* 562.)    It left something to be spelt out from the whole warrant.    Had the name of the party intended by the warrant and actually arrested chanced to be William instead of John R.; the statement of the name in the recital might with some plausibility have been claimed to be a surplusage.    The mandatory part of the warrant is that which gives it efficacy as a process, and under that the officer must justify.    The recital of the complaint against the plaintiff is very high evidence that he was the individual intended to be designated by the name of William, in the warrant of arrest proper.    But that is not sufficient.    In *Scott* v. *Ely,* (*supra,*) there was no doubt that the right person was arrested.    The recital in this case is no more conclusive than was the evidence in that case, and still the arrest was held unlawful.    In *Hoye* v. *Brush* there was just as little doubt that the plaintiff was the individual intended, and yet the officer was held liable for the arrest.    In *Griswold* v. *Sedgwick,* the evidence that the

Miller *v.* Foley.

plaintiff was the party intended to be arrested was record evidence and was recited in the process. In other words, upon the face of the process it appeared that the plaintiff was the party in contempt, and yet as in the process itself—that is, the clause commanding the arrest—he was misnamed in respect to his christian name, all concerned in the arrest were held liable for the false imprisonment. The process recited that on the 21st day of February, 1824, by an order made in the circuit court by William P. Van Ness, one of the judges of that court, in a cause then pending between *Daniel* S. Griswold, (the plaintiff,) complainant, and Hill, defendant, it was ordered that Griswold pay to the clerk of that court $1200 in ten days after notice of the order, and that the said *Samuel* S. Griswold had neglected to comply with the order, though more than ten days had elapsed, and commanded the marshal to take the said *Samuel* S. Griswold," &c. The process recited an order upon *Daniel* S. Griswold, and commanded the officer to arrest the *said Samuel* S. Griswold. Here the process recites a complaint against *John R.* Miller, and commands the officer to arrest the *said William* Miller. The cases are not distinguishable. Had the defendant proved that a felony had been committed, and that there was reasonable cause to suspect the plaintiff of the crime, he might have justified without the warrant; but that case was not made, by the answer or the evidence.

The judgment must be reversed, and a new trial granted; costs to abide the event.

[ONONDAGA GENERAL TERM, April 5, 1859. *Pratt, Bacon, W. F. Allen* and *Mullin,* Justices.]