Farnham *v.* Hildreth.

New trial denied.

[ONONDAGA GENERAL TERM, July 3, 1860. *Allen, Mullin* and *Morgan,* Justices.]

———◄•►———

## FARNHAM and others *vs.* LUTHER HILDRETH.

A judgment and execution against *Freeman* Hildreth will not authorize a sale of the property of *Truman* Hildreth, although the latter may be the individual intended.

The judgment and execution must describe the party whose property is sought to be taken, and it is not enough that the right man is made to pay a debt.

The sheriff can only execute the process against the person or property of the individual named.

Where a defendant, sued by a wrong name, fails to appear in the action, he does not waive his right to object to the misnomer, after judgment and execution.

An amendment of the record of a judgment, and the execution, made by order of the court, upon an ex parte application, after a sale of property by the sheriff, by substituting the true name of the defendant for the name erroneously inserted, will not have the effect to render the sale valid, or to divest the defendant of the title to the property levied on, and transfer it to the purchaser.

THE defendant appeals from a judgment entered on the report of a referee, in an action of ejectment. The plaintiffs claim title under one Truman Hildreth, by virtue of a sale on a judgment and execution. An action was commenced by the service of a summons and complaint, in which the defendant was named Freeman Hildreth. They were served upon Truman Hildreth. Judgment was perfected and execution issued against Freeman Hildreth, and the premises claimed by the plaintiff were sold as the property of Truman Hildreth,

and a certificate and deed given, reciting a judgment and execution against Truman Hildreth. After the giving of the deed, and since the granting of a new trial in this action, the court, on an ex parte application by the plaintiff in the judgment, ordered the judgment roll, the docket of the judgment, and the execution issued thereon, to be amended *nunc pro tunc*, by inserting the word "Truman" whenever the word "Freeman" occurred, and the amendment was made by the clerk. There was no appearance in the action by the defendant. The referee gave judgment for the plaintiff.

*W. J. Hough*, for the appellant.

*H. Ruger*, for the respondent.

ALLEN, J. When this cause was before us, in October, 1858, we held that the judgment against Freeman Hildreth did not authorize a sale of the property of Truman Hildreth, although he might have been the individual intended. In reviewing that decision at the request of counsel, we see no reason to recall or modify it. The judgment and execution were not against Truman Hildreth, and did not authorize a sale of his property. The precise point was decided in *Cole* v. *Hindson*, (6 *T. R.* 234.) The goods of Aquila Cole were taken under a process against Richard Cole. To an action of trespass, brought for the taking, the defendants pleaded that the plaintiff, Aquila Cole, being indebted to two of them, they sued out against the said Aquila, by the name of Richard, a writ, and the said Aquila not appearing, a distingas was issued. Upon demurrer the plea was held bad. Lord Kenyon held that the defendants were not justified in seizing the goods of Aquila Cole upon process against Richard, and that the averment in the plea that they were the same persons did not assist them, as they had not averred that the plaintiff was known as well by one name as by the other. This case is cited and approved in *Griswold* v. *Sedgwick*,

(6 *Cowen*, 456,) and· the same principle applied to process against the person, and re-affirmed in same case, 1 *Wend*. 126. It is well settled that a defendant in an action for false imprisonment cannot justify the arrest of the plaintiff by a wrong name, though he is the person intended to be arrested; unless it is shown that he is known as well by one name as the other. (*Shadget* v. *Clipson*, 8 *East*, 328. *Scott* v. *Ely*, 4 *Wendell*, 555. *Gurnsey* v. *Lovell*, 9 *id*. 319. *Mead* v. *Haws*, 7 *Cowen*, 332. *Groff* v. *Mullen*, *S. C. 5th Dist. April*, 1856. *Miller* v. *Foley*, 28 *Barb*. 630. *Wilkes* v. *Leech*, 2 *Taunt*. 400.) The judgment and execution must describe the party whose property is sought to be taken, and it is not enough that the right man is made to pay a debt. The sheriff can only execute the process against the person or property of the individual named. Service of a summons upon a party by a wrong name does not give the court jurisdiction over his person, and his appearance cannot be compelled. (*Cole* v. *Hindson, supra*.) Truman Hildreth did not appear in the action commenced against Freeman Hildreth, and therefore waived none of his rights. Had he appeared and had an opportunity of pleading the misnomer in abatement, his omission to do so would have been a waiver of the objection. In *Crawford* v. *Satchnell*, (2 *Str*. 1218,) the plaintiff, who had been sued by a wrong christian name, had appeared in the original action and omitted to take advantage of the misnomer by plea in abatement, and done an act to avow that he was sued by the right name. (*Per Lord Kenyon, in Cole* v. *Hindson, supra*.) *Smith* v. *Bowker* (1 *Mass. R.* 76) was a case of a mistake in the addition of the defendant, who was sued by his right name. *Jackson* v. *Prevost* (2 *Caines*, 264) was as to the effect of a conviction under the act for the forfeiture and sale of the estates of persons who had adhered to the enemies of the state, passed October 22d, 1779. The lessor of the plaintiff was meant and intended by the judgment, but he was described as Joshua Pell, now or late of the manor of Pelham. The judgment was pronounced

in October, 1782, by default, upon an indictment found in November, 1780. The father of the lessor, having the same name, died in July, 1781, and the lessor distinguished himself as Joshua Pell, jr. The court held that the indictment against him without the addition was not conclusive that he was not the person indicted, if found by a special verdict that he was meant; and say that proceedings under that act were considered analogous to convictions by bill of attainder, and with respect to the description of the persons convicted, were construed with more liberality than ordinary judicial proceedings; that the identity of the person attainted was matter of fact triable on a collateral issue, and that an incomplete description of him was not fatal. The court, in giving judgment, distinguished the case from ordinary judicial proceedings, and allowed the judgment to be helped out by extrinsic evidence to identify the party indicted, which cannot ordinarily be done in judicial proceedings. Although when there are two of the same name and only distinguished by their additions, and the addition of a defendant has been omitted, it seems it can be done, in ordinary judicial proceedings. (*Jarmain* v. *Hooper*, 6 *M. & G.* 827.) With us the addition of junior to a name is mere description of the person, and the omission of it does not invalidate any act or proceeding done by the same person. (*People* v. *Collins*, 7 *John.* 549. *Fleet* v. *Youngs*, 11 *Wend.* 522. *Padgett* v. *Lawrence*, 10 *Paige*, 170.) The judgment and execution against Freeman Hildreth did not authorize a sale of the property of Truman Hildreth.

Since the former decision, the plaintiff in the original judgment has procured the record of judgment and the execution to be amended by the substitution of the name of "Truman" wherever "Freeman" appeared, and this amendment was ordered upon an ex parte application. Whether the amendment was regular, or whether the court had jurisdiction of the person of Truman Hildreth, so that they could in effect order a judgment against him, or so correct and

Farnham *v.* Hildreth.

amend the record of the court that he should be made the defendant in a judgment already perfected against another person, need not be decided. It appears to be very clear that the effect claimed for that amendment cannot be given to it. The judgment and execution, and the sale under them, conveyed no title to the purchaser of the property of Truman Hildreth. The sale was void; not merely voidable, but absolutely void. Every person attempting to enforce that judgment against the person and property of Truman Hildreth, would have been a trespasser. The sheriff in selling the real estate in question acted under a process void as against the owner of the property. The title of Truman Hildreth was not divested by the sale. He was as much the absolute owner after as before the sale. Even if the effect claimed for the order and amendment is given to them, the title of the purchasers depend and must rest, not on the void sale made two years before, but upon the ex parte order of the court. The day before the order was made, the title of Truman Hildreth had not been divested, and was not incumbered by the judgment, and the court could not by act, order or judgment, summarily divest him of his title, and in effect transfer the property to another. This would be to deprive a person of property without due process of law, and would violate § 6 of art. 1 of the constitution. The amendment cannot make that a full execution of the judgment which was not so before. The most that it could do would be to authorize the plaintiff to enforce it now, and perhaps to give it effect as a lien, as against the original defendant, from the time of the original filing and docketing. But it is sufficient for us to say at this time that it did not make title to the premises in the plaintiff.

The referee therefore erred in giving judgment for the plaintiff, and the judgment must be reversed and a new trial granted, costs to abide the event.

MORGAN, J. concurred.

MULLIN, J. concurred in the result, and was of the opinion that the plaintiff's title was defective for other reasons.

New trial granted.

[ONONDAGA GENERAL TERM, July 3, 1860. *Allen, Mullin* and *Morgan,* Justices.]