# SUPREME COURT.

## JACOB ABEEL agt. RUGENE CONHYSER, and another.

When one desiring to become a defendant in a suit between others puts in an appearance by attorney and serves an answer in such suit, he must first obtain the plaintiff's consent in some way to litigate the matter with *him* or such appearance and answer will be stricken out and that with cost, for his unsuccessful effort to get into the case.

When the summons and complaint are served by the sheriff on one not named as a defendant, *he* does not thereby become a *party* to the action.

Where the attorney serving the appearance and answer for him, after being informed of the facts and requested to withdraw them refuses to do so, it is proper and necessary to make a motion to get rid of them.

It is not necessary for a person not named in the process, and on whom it has been served to appear for the purpose of saving his rights, for no valid judgment can be rendered against him until an amendment on notice to him.

*Herkimer Special Term, January,* 1872.

ACTION for assault and battery; summons and complaint issued November 25, 1871, against Rugene Conhyser and Edward Winslow, and on that day placed in the hands of the sheriff of Montgomery county. On that day the sheriff served the summons and complaint on defendant Winslow and on John H. Conhyser. On the 27th of November, the plaintiff saw John H., and informed him that he was not claimed to be a defendant, and that there was no intention on his part to hold him as a party to this action.

After that, and on the same day the said John H. Conhyser retained F. F. Wendell, Esq., who drew and served an answer in this action with a notice of appearance. On the same day, the plaintiff's attorney drew and caused to be served on Mr. Wendell a notice stating, that the sheriff through mistake, served the summons, complaint, &c., on John H., and a notice requiring Mr. Wendell to withdraw

the appearance and answer in behalf of John H. Conhyser, or that proceedings would be taken to strike out the same, with costs, and that the action was not pending against John H. Conhyser.

The answer and appearance were not withdrawn or countermanded, and this motion was noticed by service of papers on the 15th of January, 1872.

This motion is made to strike out the appearance of John H. Conhyser and his answer, and also to amend the summons and complaint by changing the name of Edward Winslow to Edwin Winslow, upon proof of mistake as to the christian name of Winslow, and for costs against John H. Conhyser.

J. E. DEWEY, *for motion.*

F. F. WENDELL, *opposed.*

HARDIN, J.—It is clear, that only such persons as are named in the summons and pleadings in an action can be deemed "parties" to the action (16 *Abb.*, 1 ; 16 *How.*, 144).

The only information furnished to the sheriff as to who were parties to this action was contained in the summons and complaint, and it was his duty to be governed by the papers placed in his hands, and it was his duty to make service thereof upon the persons named in the process and papers delivered to him for service (4 *How.*, 97 ; 8 *Wend.*, 474 ; 9 *John.*, 117 ; 32 *Barb.*, 279, *opinion of* ALLEN, *J.*) The service of the summons and complaint in this action upon John H. Conhyser, would not have authorized the plaintiff to take a judgment against him which would have been binding upon him, nor would his arrest in execution be justified by the proceedings in this action in the absence of any appearance or voluntary act by him assenting to their validity (6 *Cow.*, 455 ; 7 *Cow.*, 332 ; 4 *Wend.*, 555 ; 28 *Barb.*, 630), nor could an order have been made *ex parte* changing the christian name which would have rendered a judgment by default good against him (32 *Barb.*, 277).

The conclusions are, therefore, reached upon the undisputed facts appearing on this motion.

1. That John H. Conhyser was not a party to this action.

2. That there was no intention on the part of the plaintiff or his attorney to make him a party to the action.

3. That it was not necessary for him to appear and answer in order to save his rights or prevent his being affected by any judgment the plaintiff could take without notice to him of a motion to amend the summons and proceedings.

4. That he was notified before he retained his attorney, that he was not a party to the action, and that the plaintiff did not claim to hold him as a party.

5. That the attorney refused on notice and information of the facts, to withdraw his appearance and answer, and, therefore, rendered this motion proper and necessary to get rid of them.

And therefore, this motion should be granted, and the appearance and answer of John H. Conhyser stricken out, with $10 costs to be paid by him. The motion is granted, and an order may be entered accordingly.