## CHARLES L. COOTER *vs.* BRONSON and FRITS.

A warrant issued by a justice of the peace, commanding the arrest of "*Myron* Cooter," on a criminal charge, affords no justification to the officer for the arrest and detention of *Charles L.* Cooter; especially where the evidence tends to show that the felony charged therein was committed by Myron, and not by Charles L. ; and that there was no ground of suspicion against the latter.

Process for the arrest of a person must so describe him that the officer may know, and that the party whose liberty is threatened may know, whether he is bound to submit.

MOTION by the defendants for a new trial, on the minutes.

*Luddington & De Camp*, for the plaintiff.

*S. C. Huntington*, for the defendants.

HARDIN, J.   It appeared, upon the trial of this action, that the defendants sought to justify the arrest and imprisonment of the plaintiff upon a warrant commanding the arrest of one Myron Cooter.   The court held that the arrest of the plaintiff, and detention of him for two and a half days, upon a warrant, was not justified by the production of a warrant commanding the arrest of Myron Cooter.

The evidence also showed that the complainant and constable were notified, at the time of the arrest, that the plaintiff was innocent; that his name was Charles; and that he had a brother who was named Myron. The complainant's son, and the constable, having left the plaintiff under arrest, and in the county of Oswego, went to the city of Syracuse and had the warrant indorsed, and then arrested Myron and compounded the felony with him, and then returned to the place where the plaintiff was held under arrest, and caused him to be discharged.

· The court held that the production of the warrant commanding the arrest of Myron furnished no justification of the acts complained of by the plaintiff. The evidence tended to show that Myron had committed the felony charged in the warrant, and that the plaintiff was totally innocent thereof.

The ruling is sustained by the cases decided and reported in this district. (*Miller* v. *Foley*, 28 *Barb.*, 630. *Farnham* v. *Hildreth*, 32 *id.*, 277. *Abeel* v. *Conhyser*, 42 *How.*, 252.)

Process for the arrest of a person must so describe him that the officer may know, and that the party whose liberty is threatened may know, whether he is bound to submit. (6 *Cowen*, 456 ; *S. C.*, 1 *Wend.*, 126. 4 *id.*, 555.)

This was not a case of an attempt to justify without a warrant. There was no proof that the plaintiff had committed a felony. The attempt was to justify the arrest of the plaintiff upon a warrant commanding the arrest of his brother, Myron Cooter; and the jury having found that the plaintiff was not the person charged in the warrant, their verdict must be allowed to stand.

There was no reasonable ground shown to suspect Charles, the plaintiff, of the commission of the alleged felony. (40 *N. Y.*, 463.) Indeed the defendants proceeded upon the ground that Myron was the offender,

and they finally acquiesced in an alleged settlement with him, and cannot now escape the consequences of their unlawful arrest of Charles, the plaintiff.

If this arrest had been without any warrant, and proof given of the commission of a felony, and that the arrest was made in good faith, with reasonable ground to believe the plaintiff the guilty party, the constable would have been justified completely, upon a finding of those facts by the jury. But this was an attempt to justify an arrest of the plaintiff upon a warrant against his brother, Myron, and the keeping of the plaintiff in custody, while a further arrest was being made, of Myron, and a settlement made with him. It differs from the cases cited by the learned counsel for the defendants. (*See* 54 *Barb.*, 490; *Carpenter* v. *Mills*, 29 *How.*, 473; *Stewart* v. *Hawley*, 21 *Wend.*, 552; 1 *Hilliard on Torts*, 220, &c.)

The damages found by the jury are not excessive; and the motion for a new trial is denied.

[OSWEGO CIRCUIT AND SPECIAL TERM, May, 1875. *Hardin,* Justice.]