(30 Misc. Rep. 218.)

### FARRINGTON v. MUCHMORE.

(Supreme Court, Special Term, Kings County. January, 1900.)

1. SUMMONS—MISNOMER OF PLAINTIFF.

A substituted service of a summons under Code Civ. Proc. §§ 435, 436, by mailing and posting on the door of defendant's residence, is substantially irregular where plaintiff is truly named as "Gilson F. Farrington" in the affidavit and order for substituted service, and "George F. Farrington" in the summons.

2. SAME—PLEADING—MOTION.

Misnomer of plaintiff's name in the summons, of which there had been a substituted service, can be taken advantage of only by motion to set aside the order for the service.

3. LIMITATIONS—PLEADING.

An objection that plaintiff's cause of action is barred by limitations can only be taken by answer.

Action by George F. Farrington against Alice B. Muchmore, as administratrix. This was a motion to set aside an order for substituted service of the summons made under sections 435 and 436 of the Code of Civil Procedure, for irregularity, and also for being unauthorized by law. The service was by mailing and posting on the door of defendant's residence. In the affidavits and order for substituted service the name of the plaintiff is given as "Gilson F. Farrington," which is his true name, but in the summons the plaintiff is named "George F. Farrington." The defendant only appears specially for the purpose of the motion. Granted.

Shepard & Prentiss, for the motion.
Rounds & Dillingham, opposed.

GAYNOR, J. As is well understood, the statute provisions for substituted service have to be strictly followed. The misnomer of the plaintiff in the summons here is an irregularity. It could not be corrected ex parte. Farnham v. Hildreth, 32 Barb. 277; Stuyvesant v. Weil, 41 App. Div. 551, 58 N. Y. Supp. 697. And it is a substantial one, for if the plaintiff should allow judgment by default, the judgment roll would not on its face show an estoppel to another action for the same cause by the plaintiff, his assigns or administrators, in his true name. Evidence dehors would be necessary to show it to be such. It is no answer to say that the defendant by answering and supplying such evidence could save herself from a second judgment. The plaintiff may not put her in a position which would require her to subject herself to that trouble and expense.

Nor is it an answer to say that if she will appear, or appear and answer herein, she can have the irregularity corrected by the court. The plaintiff has no right to require her to go to that trouble either, or to incur any expense, or make herself liable to costs in the action beyond the costs allowed on a default. Moreover, she could not under our system of practice put in by answer what was formerly called a plea in abatement for such misnomer. Morley v. Law, 4 Moore, 369. Her only remedy is by motion. Bank v. Magee, 20 N. Y. 355. And she has done just what it was said in this latter case (which was of misnomer of the plaintiff) should have been done, viz.:

"If the defendants felt themselves aggrieved by this irregularity they should have moved to set aside the first proceeding in the suit for that cause. Instead of taking that course they took issue on the merits and went to trial. By so doing they waived the objection."

The other objection involves whether the cause of action was not barred by the statute of limitations. That could only be taken by answer.

The motion is granted.