THE PEOPLE, *ex relat.* BUSH and HIGBY, *against*
COLLINS.

STORRS, for the plaintiffs, moved for a peremptory *mandamus* in this cause. An *alternative mandamus* was issued in *February* term, 1810, directed to the defendant to record the survey of a road, pursuant to the act, (24 sess. c. 186.) or show cause; and the clerk returned that he did not record the survey, because one of the commissioners had signed the survey by the name of *Zaccheus Higby,* whereas he was elected by the name of *Zaccheus Higby,* junior; and because the commissioners had not taken the oath of office, and filed a certificate of the oath with the clerk, according to the act.

It was held that the return was insufficient, and a *peremptory mandamus* was awarded.

The addition of *junior* to a name is a mere description of the person, and the omission of it does not affect or invalidate any act or proceeding done by the same person. The acts of an officer *de facto,* who comes into office, by colour of title, are valid, as it concerns the public, or third persons who have an interest in his acts.

A mere *ministerial* officer has no right to decide on the acts of such officer *de facto,* or adjudge them to be null.

*An alternative mandamus directed to a town clerk commanding him to record the sur-*

ant, stating, that by the " act relative to the duties and privileges of towns," passed 7th *March*, 1801, and the " act to regulate highways," passed the 8th *April*, 1801, it was the duty of the defendant, as town clerk of *Turin*, to record all surveys of public highways laid out, established and described by actual survey, by the commissioners of highways in the town of *Turin;* that at the town meeting, held at *Turin*, in the county of *Lewis*, on the first *Tuesday* of *March*, 1808, *Oliver Bush*, *Zaccheus Higby*, otherwise called *Zaccheus Higby*, junior, and *James Miller*, were duly elected, qualified and sworn into the office of commissioners of highways, in and for the town of *Turin*, and that *Bush* and *Higby*, on or about the 21st of *February*, 1809, duly laid out and established a certain public highway in the said town, leading, &c. and did procure an actual survey of such highway, and annexed to the same the requisite directions to the defendant, as town clerk, to record the same, and delivered to him such survey and directions which survey was set forth : but the defendant refused to record the said survey, contrary, &c. and therefore the defendant was commanded without delay to record the said survey and directions, or show cause, &c.

The return stated that at the annual town meeting in *Turin*, on the first *Tuesday* of *March*, 1808, *Oliver Bush*, *Zaccheus Higby*, junior, and *James Miller* were duly elected commissioners of highways, for the year ensuing ; that by the 7th section of the act, &c. every commissioner of highways, before he enters upon the execution of his office, and within fifteen days after his election, shall take and subscribe an oath before some justice of the peace, &c. and that the justice shall, within *eight* days thereafter, certify the same oath, and deliver it to the town clerk, &c. and that if he shall not take and subscribe such oath, &c. and deliver such certificate thereof, &c. such neglect shall be deemed a refusal to serve in such office; and the town may proceed to

ALBANY,
Feb. 1811.

The PEOPLE
v.
COLLINS.

choose another; that neither of the above-named com-missioners did transmit and deliver to the clerk of the town of *Turin* such certificate, &c. according to the 7th section of the act, &c. That *Zaccheus Higby*, described in the writ of *mandamus*, was chosen a commissioner of highways by the name of *Zaccheus Higby*, junior, and is known by that name, and no other; that a writing signed by *Oliver Bush* and *Zaccheus Higby* was left at the office of the defendant, in his absence, on the 21st of *February*, 1809, to be filed and recorded, being " minutes of the survey of a road," &c. setting it forth; and that for these reasons, because the said *Oliver Bush*, *Zaccheus Higby* and *James Miller* were not sworn into office, and the certificate of their oaths filed in the clerk's office according to law, and because the writing purporting to be a survey signed by the commissioners of highways, did not, as to the names of the commissioners, agree with the names of the persons who were elected, &c. he did not record the said survey of the said road, &c.

*Storrs* said, that the facts in the return ought to be stated precisely and affirmatively, and not by way of inference.\* If the supposal of the writ be contradicted or denied, it must be denied directly.† The return to a *mandamus* should have all the certainty of a special plea. This case is analogous to cases arising under the acts of incorporation in *England*. The true construction of the act (24th sess. c. 78. sect. 7. and 13.) is, that the election is merely voidable. It is enough that the office was full, or that there was an officer *de facto*.‡ Such an officer, being in by colour of election, can only be removed by a *quo warranto*.§ The commissioners might proceed to execute their duties without taking an oath, but subjecting themselves to the penalty.

Again, the commissioners are not bound to take the oath before the end of 15 days; and suppose they

\* 2 *Burr.* 721.
*Doug.* 144. *Salk.* 431. 434.
† *Salk.* 431, 432, 431.

‡ *Salk.* 43. *Ld. Raym.* 1214. 5 *Term Rep.* 56.
*Cowp.* 413.
§ 2 *Term Rep.* 239. 1 *East,* 78. 1 *W. Black.* 445. 3 *Burr.* 1454. *Cro. Jac.* 552. 4 *Bur.* 2008.

do an act before that time, will not such act be good? An officer *de facto* is one coming into office by colour of election, and all his acts are good until he is removed.*

* 16 *Vin. Abr.* 114.

[KENT, Ch. J. That law is too well settled to be discussed.]

The town clerk has no right to inquire or judge of the qualifications of the commissioners. It is enough that they are officers *de facto*, and that the paper comes from them.†

† 4 *Burr.* 1991.
1 *W. Black.*
606.

*E. Williams*, contra. The authorities cited for the plaintiffs are admitted to be good law, but we contend that they are not applicable. If this return is not sufficient, the court may order a further return. The return states that *Zaccheus Higby*, junior, was the person elected, and his name and election are so recorded.

But it is a fatal objection in this case, that the commissioners have not accepted the office. It is not only necessary that the persons should be elected, but that they should accept the office. The 6th section of the act (24th sess. c. 78.) says, that if any of the officers chosen should refuse to serve, and the town shall not, in 15 days after such refusal, choose another officer in his stead, it may be lawful for three justices under their warrant, to appoint such officer; and the 7th section expressly requires that the officer shall, before he enters on the execution of his office, and within 15 days after his election or appointment, take the oath prescribed in the act. If, then, the person elected does not take the oath within the 15 days, it is a refusal to accept, and the office becomes vacant, so that a new election or appointment may be made. But if the office is already full, by a mere election, how can a new officer be elected or appointed? No *quo warranto* is

necessary in this case, because the act considers the office as vacant, and provides for filling it. In the case of *The King* v. *Love** it was held to be a good return to *mandamus*, that the officer had not taken the oath according to the statute.

ALBANY,
Feb. 8 1.

The PEOPLE
v.
COLLINS.

* 12 *Mod.* 601.
5 *Mod.* 317. 2
*Salk.* 429.

*Clark*, in reply, observed, that if *Zaccheus Higby* and *Zaccheus Higby*, jun. were not one and the same person, the fact ought to have been expressly denied in the return. The return is like a plea to a declaration, and must contain every material averment, with the same certainty and precision, so that an issue may be taken thereon. What is not denied, is admitted.

*Per Curiam.* The counsel in support of the motion for a peremptory *mandamus*, contends that the return is insufficient;

1. Because, *Zaccheus Higby* and *Zaccheus Higby*, junior, are the same person.

2. Because, the relators were commissioners *de facto*, and their acts, as such, good.

3. Because, the town-clerk is a mere ministerial officer, and has no right to try the validity of the election of the commissioners, in this way.

These objections are well taken. The addition of *junior* is no part of the name of the commissioner. It is a mere description of the person, and intended only to designate between different persons of the same name. It is a casual and temporary designation. It may exist one day, and cease the next. The question here is, whether the *Zaccheus Higby* who was elected commissioner, and the *Zaccheus Higby* who certified the survey, was one and the same person; and the return does not deny that fact, nor aver even an opinion or belief that they were not the same person. The defendant was bound to aver the fact affirmatively and directly, if they were not one and the same person. No issue could be taken

ALBANY,
Feb: 1811.

The PEOPLE
v.
COLLINS

upon the return in this respect, and it is essentially bad.

Nor is the allegation material in this case, that the commissioners had not caused a certificate of their oath of office to be filed in the town-clerk's office. If the commissioners of highways acted, without taking the oath required by law, they were liable to a penalty; or the town, upon their default in complying with the requisition of the statute, might have proceeded to a new choice of commissioners. But if the town did not, (and it does not appear that they did in this case,) the subsequent acts of the commissioners, as such, were valid, as far as the rights of third persons and of the public were concerned in them. They were commissioners *de facto*, since they came to their office by colour of title; and it is a well settled principle of law that the acts of such persons are valid when they concern the public, or the rights of third persons who have an interest in the act done; and this rule is adopted to prevent the failure of justice. The limitation to this rule is as to such acts as are arbitrary and voluntary, and do not affect the public utility. The doctrine on this subject is to be found at large, in the case of *The King* v. *Lisle*. (*Andrews*, 163.) It certainly did not lie with the defendant, as a mere ministerial officer, to adjudge the act of the commissioners null. It was his duty to record the paper; *valeat quantum valere potest*. It was enough for him that those persons had been duly elected commissioners within the year, and were in the actual exercise of the office. It may be that the oath was duly taken; and that the omission to file the certificate of it was owing to casualty or mistake. The validity of the title of the commissioners to their office must not be determined in this collateral way.

The opinion of the court accordingly is, that the rule for a peremptory *mandamus* be granted.

                                        Motion granted.