Parsons, C. J.
The question, which, by the plea before us, we *213 are called on to decide in this action, is, whether the service of the original writ by Rodney Ray was legal.
That Jonathan Smith, Jun., is sheriff of the county of Hampden defacto, is very certain; but whether he is sheriff c'e jute, is the question made by the defendants.
Mr. Smith is no party to this record, nor can he be legally heard in the discussion of this plea; although our decision would as effectually decide on his title to the office, * as if he were a This would be a man unheard, contrary to natural equity, and the policy of the law. From considerations like these has arisen the distinction between the holding of .an office de facto and dejure.
We do not decide whether he is sheriff de jure of the county of Hampden, or has intruded himself into the office. • But as we are of opinion that he is sheriff in fact of that county, the plea in abatement must be adjudged bad, and the defendants ordered to answer further.
If an action should be commenced against one claiming to be sheriff, for an act which he does not justify, bul as sheriff; or if an information should be filed, calling on such a one to show cause why he claimed to hold that office; in either case he would be a party ; and the legality of his commission" rnignt come in question, and meet a regular decision, (a)

Respondeos ouster awarded.

 [Commonwealth vs Fowler, 10 Mass. Rep. 290.— Bucknam vs. Ruggles, 15 Mass Rep. 180. — The People vs. Collins, 7 Johns. Rep. 549. — M’Instry vs. Tanner, 9 Johns Rep. 135. —Ed.]