Nott, J.
Motion to set aside an execution, on the following ground : Because the decree was unconstitutional, inasmuch as it ■was made by Francis A. Deliesseline, Esq., who was not constitutionally qualified to preside as judge.
The act of 1799, authorizes the governor to appoint and commission some fit and proper person to sit as judge, &c., in case any of the judges on the circuit shall happen to be sick, or become indisposed and unable to hold the court in his circuit. The presiding judge in this case, was appointed by the governor pursuant to the provisions of that act. Since the decree in this case was given, the act has been declared void by a decision of this court; and the only question now is, whether all the acts of the judge so appointed, are necessarily void. The judge in this case acted under color of legal authority ; he had a commission under the seal of the State, signed by the governor, and authorized by an act of the Ie-gislature ; no objections were made to his authority at the time the decree was given. The public acts of officers de facto are often valid although the authority under which they act is void. Public convenience as well as public justice, requires that they should be supported. It would lead to incalculable mischief if all the proceedings under the several judges who have been thus appointed, should be declared null and void. This power has been exercised by every governor since the year 1799, and the constitutionality of the act has never been questioned until this case was determined. Cases involving the same principle are occurring every day. The jury law requires the judges and all other officers or persons concerned “ in drawing, balloting, impannelling or summoning juries, to take an oath for the due and. faithful execution of that act on pain of being rendered incapable of holding and enjoying their respective offices yet I believe one half of the persons embraced in the act have never taken that oath; a judge forfeits his commission by leaving the State without permission of the governor; but, until the forfeiture is announced by competent authority, all his judicial acts are valid. Persons elected to the legislature, always take their *517 seats and vote, until their election is declared void. Col. Richardson was elected president of the senate, and signed the acts of that session after he had accepted a disqualifying office ; but it has never been contended that those acts are void, because his seat was r , , , T . , afterwards declared vacant. I might go on to enumerate cases where this doctrine would apply; but the principle is too well established to admit of a doubt. 7 Johns. 549. The People v. Collins, 9 Johns. 135. M’Instry v. Tanner. The motion, therefore, must be denied.
Smith, J., concurred.