THE PEOPLE, &c., *against* W. W. GILBERT.

In an action against a manager of a lottery, for the penalty under the second section of the lottery act, it is enough to prove him manager *de facto*, the production of his commission is unnecessary.

THIS action was brought against the defendant, as one of the managers of a certain lottery, to recover the penalty for selling tickets at an advance, contrary to the second section of the act, relative to the managers of lotteries. 1 R. L. 270.

The attorney, for the people, proved that the defendant, while acting as manager, had sold divers tickets, at the price fixed by law, and had taken in payment, the note of the purchasers for the amount, payable at a certain credit, and had taken a separate note, (for which he had not accounted to the state,) for the interest on the amount of the first note, and had expressly stated to the purchaser, that this was done to avoid the said act. Upon this testimony, the attorney for the people rested.

The defendant's counsel moved for a non-suit, because legal proof had not been given, that the defendant was a manager of said lottery; the penalty attaching to managers only.

THOMPSON, C. J. It is enough for the purposes of this suit, to show that the defendant was, at the time, acting as manager. The production of the commission of an officer, is in such a case unnecessary.(1)

(1) The rule which requires the best evidence to be produced, is dispensed with in some particular cases. In case of all peace officers, justices of the

peace, constables, &c., it is sufficient to prove that they acted in those characters, without producing the appointment. Phillips' Law of Ev. 170. This point was determined in the case of *Berryman* v. *Wise*, (4 D. & E. 366,) which was an action of slander, brought by the plaintiff, for words charging him with dishonesty in his office as an attorney. At the trial the plaintiff proved the words, and that he had been employed as an attorney in various suits; the defendant insisted that the plaintiff should prove that he was an attorney, by the production of the roll; this, however, was overruled, the judge reserving the point, with liberty to the plaintiff to move to enter a non-suit. Upon the motion for a non-suit, the court decided that the proof was sufficient; and Buller, J., said, that proof that justices of the peace, constables, &c., acted in those characters, was sufficient, even in cases of slander. In the case of the *Gordons*, who were indicted for the murder of George Linnel, a constable in the execution of his office, the counsel, for the prisoners, insisted that the averment in the indictment, that he was a constable, ought to be proved, by showing that he had been duly elected into the office, and that proof that he was generally known as constable of the parish, was not sufficient. This, among other points, was discussed before the twelve judges, and decided against the prisoners. *Leach's Crown Law*, 412 v. *McKinnon's Philos. of Ev.* 62. The case of *Berryman* v. *Wise* is recognized in *Potter* v. *Luther*, 3 Johns. 431. And the same rule is laid down in *Young et al.* v. *The Commonwealth*, 6 Binney, 93, and in *Fowler* v. *Beebee et al.*, 9 Mass. 231.