ELIZABETH PRITCHETT *et al.*, plaintiffs in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, who sue for the use of WILLLIAM A. DOCKER, defendants in error.

*Error to Marion.*

The granting of letters testamentary and of administration, and the taking of bonds from executors and administrators, are ministerial and not judicial acts.

It is a general principle of the law that the ministerial acts of an officer *de facto* are valid and effectual, when they concern the public and the rights of third persons, although it may appear that he has no legal or constitutional right to the office. The interests of the community imperatively require the adoption of such a rule.

Whether one who exercised the functions of a Probate Justice, by granting letters of administration and approving the usual bond, was at the time an officer *de jure*, cannot be inquired into collaterally in a suit upon such bond. For the purposes of such suit, it is sufficient if he was *de facto* the Probate Justice.

To constitute an officer *de facto*, there must be some color of right to the office, or an acquiescence on the part of the public for such a length of time, as to authorize the presumption at least, of a colorable election or appointment.

As a general rule, any obligation entered into voluntarily and for a good consideration, is valid at Common Law, unless it contravenes the policy of the law, or is repugnant to some provision of the statute.

What is a sufficient consideration to support the promise of the principal, will sustain the promise of the surety.

In *debt* on a bond, the plea of *non est factum* only puts in issue the execution of such a bond as is declared on. The introduction of a bond, corresponding with that set out in the declaration, will support this issue.

DEBT on an administrator's bond, in the Marion Circuit Court, brought by the defendants in error against the plaintiffs in error, and heard before the Hon. Walter B. Scates and a jury, at the August term 1844. Verdict and judgment for the plaintiffs below for the penalty of the bond, to be discharged on the payment of $628·50, the damages assessed by reason of the breaches assigned.

The facts and pleadings in the case will be found in the Opinion of the Court.

*B. Bond,* for the plaintiffs in error, submitted a written argument.

The demurrer to the defendants' fourth amended plea should have been sustained. Gould's Pl. 333; R. L. 146, § 5.

An officer *de facto* must be in under color of title. *The*

*People* v. *Collins,* 7 Johns. 549.    Such was not the fact in this case. .

A mere claim to be a public officer, and the performance of a single official act will not constitute one an officer *de facto.* *Wilcox* v. *Smith,* 5 Wend, 234.    There must be some color of an election or an appointment.    *Ibid.*

An officer is one who is lawfully invested with an office. 2 Bouvier's Law Dict. 204.

An order of allowance by a Probate Justice is only *prima facie,* and not conclusive as against the administrator.    *Allen* v. *Clark,* 2 Blackf. 343; *Brackenridge* v. *Holland,* Ib. 377.

An account settled before a Judge of Probate may be opened by him for the purpose of correcting an error.    *Stetson* v. *Bass,* 9 Pick. 27.    If an account may be opened by a Probate Judge, the Circuit Court may do the same, when a settlement is attempted to be enforced by an action in the Circuit Court.    By the statute creating the office of Probate Justice, it is required that the officer shall report his proceedings to the Circuit Court, and it is apprehended that it would not then be too late to object to its approval on account of mistake or error.

*H. P. Boyakin,* for the defendants in error:

The plaintiffs' counsel refers to *Stetson* v. *Bass,* 9 Pick. 30, which merely shows that Probate Courts in Massachusetts have power to correct their own records.    This is applicable to all Courts, or to a Court of Error, when properly before it.

He refers also to *Allen* v. *Clark,* 2 Blackf. 343; *Brackenridge* v. *Holland,* Ibid. 380.    These cases go great length, but not far enough to sustain the doctrine contended for. They make records of Probate Courts *prima facie* evidence only, and say that they may be vacated in Chancery, but nothing about a collateral suit at law.

In *Wilcox* v. *Smith,* 5 Wend. 233, 234, it is said that an officer coming in by color of office, can bind by his acts third persons until he is removed.

Although the bond in this case may not have been taken and entered into before an officer properly authorized by law to take such bond, yet in this case, it does not violate any

express provision of law, and was a voluntary act on the part of the plaintiffs in error, and therefore obligatory at common law. *Fournier* v. *Faggott*, 3 Scam. 348, 349; *Ballingall* v. *Carpenter*, 4 do. 308, 309; 1 Pirtle's Dig. *Bond*, 23; *Thompson* v. *Buchanan*, 2 J. J. Marsh. 418; 3 Ibid. 436, 438; *The United States* v. *Linn*, 15 Peters, 314, 315.

Where a statute is merely directory in its provisons, the officer is not to be rigidly held to a literal performance of its provisions. *The United States* v. *Linn*, 15 Peters, 316.

The records of the Probate Courts of this State cannot be questioned as to their sufficiency, and reversed in a collateral suit, but are conclusive upon matters of which they have jurisdiction, until reversed according to law by appeal. *Voorhes* v. *Jackson*, 10 Peters, 473 to 479; *Doe, &c.* v. *Rue*, 4 Blackf. 264; *Warburton* v. *Aken*, 1 McLean, 461.

The Probate Court had jurisdiction to make the order, which the Circuit Court held to be conclusive evidence as to the facts therein contained. Act of 1837, creating the office of Probate Justice of the Peace.

The Opinion of the Court was delivered by

TREAT, J.* On the 17th day of March, 1837, letters of administration on the estate of Lewis Pritchett, deceased, were granted to Elizabeth Pritchett and Alonzo Cone, by Bryan W. Lester, who was then acting as Judge of Probate for Marion county. At the same time, the said Elizabeth Pritchett and Alonzo Cone, with Mark Tully, James Marshall, William A. Dobbins and William D. Haynie, as their sureties, entered into bond to the People of the State of Illinois, in the penalty of twenty thousand dollars, and conditioned for the faithful discharge of their duties as administrators; which bond was approved by said Lester.

On the 7th day of May, 1839, the Probate Court for Marion county allowed a demand against the estate of Pritchett for one hundred, sixty three dollars, and seventy cents, in

---

* WILSON C. J. did not sit in this case.

favor of William A Docker, and made an order directing the administrators to pay the same. On the 13th day of March, 1844, another allowance was made in favor of said Docker for four hundred, sixty six dollars, and five cents, and a like direction given to the administrators.

On the 11th day of June, 1844, payment of these sums was demanded of the administrators, and refused.

On the 12th day of July, 1844, an action was instituted in the name of the People, against the administrators and their sureties in the bond before mentioned. The declaration was in the usual form. The breach assigned, was the non-payment of the allowances made to Docker.

The defendants pleaded four pleas. First, *non est factum*, on which issue was joined. Demurrers were sustained to the second and third pleas.

The fourth plea was in substance, that Lester was, on the 2d day of March, 1836, appointed Judge of Probate for Marion county, by the Governor, to fill a vacancy in the office; that the appointment, by the law and the tenor of his commission, was to expire at the end of the succeeding session of the General Assembly; that the General Assembly terminated its next session on the 6th day of March, 1837, without having elected a Judge of Probate for Marion county; that, in consequence thereof, the office was vacant at the time of the grant of the letters of administration, and the approval of the bond, and remained vacant until the first Monday in August thereafter; wherefore, the defendants say, that the bond was null and void, and was taken and entered into without authority of law. To this plea there was a demurrer, which the Court sustained.

The issue on the plea of *non est factum* was heard by the Court, and found for the plaintiffs; and the damages sustained by Docker, by reason of the breach suggested, were assessed at the sum of six hundred, twenty eight dollars, and fifty cents, for which amount judgment was rendered. On the trial, the defendants offered to go behind the orders of the Probate Court, and show that mistakes and errors had been committed, in making the allowances. The Court refused

Prichett *et al. v.* The People.

to permit such evidence to be introduced, and an exception was taken.

The defendants prosecute a writ of error. Two errors are assigned. *First,* the court erred in sustaining the demurrer to the fourth plea; *second,* the Court erred in rejecting the evidence offered.

The first error involves the validity of the fourth plea, and presents the main point in the case. By this plea, the defendants seek to avoid all liability on the bond, on the ground that Lester had no legal authority to issue the letters of administration, and approve of the bond. At the time these acts were performed, Courts of Probate had, by law, the unquestionable right to grant letters testamentary and of administration, and to take bonds from executors and administrators. These are ministerial and not judicial acts. Whether Lester was *de jure* the Judge of Probate for Marion county, cannot be inquired into collaterally in this suit. The only way in which that question could be properly determined would be, in a proceeding instituted for the purpose of testing his right to the office. It is sufficient for all the purposes of this case, if he was *de facto* the Judge of Probate. It is a general principle of the law, that the ministerial acts of an officer *de facto* are valid and effectual when they concern the public, and the rights of third persons, although it may appear that he has no legal or constitutional right to the office. The interests of the community imperatively require the adoption of such a rule. *The People* v. *Collins,* 7 Johns. 549; *McInstry* v. *Tanner,* 9 do. 135; *Fowler* v. *Beebee,* 9 Mass. 231. To constitute an officer *de facto,* there must be some color of right to the office, or an acquiescence on the part of the public for such a length of time, as to authorize the presumption at least of a colorable election or appointment. *Wilcox* v. *Smith,* 5 Wend. 231. In the present case Lester had been duly appointed to fill the office, until the happening of a particular contingency, and had entered on the discharge of its duties. After the adjournment of the legislature, no one in the mean time having been elected to succeed him, he continued to exercise the functions of the

office. By the failure of the legislature to fill the office, Lester was left in the custody and control of the records and papers pertaining to the office. The exercise by him of the duties of the office, under these circumstances, would naturally impress the public mind with the belief, that he was rightfully in office. In our opinion, he was discharging the duties of the office, under such color of title, as to render the acts in question valid, as between the parties in this suit.

There is another point of view, in which this plea cannot be sustained. As a general rule, any obligation entered into voluntarily and for a good consideration, is valid at common law, unless it contravenes the policy of the law, or is repugnant to some provision of the statute. *The United States* v. *Linn*, 15 Peters, 290; *Same* v. *Tingey*, 5 do. 115; *Morse* v. *Hodson*, 5 Mass. 315; *Thomas* v. *White*, 12 do. 368; *Thompson* v. *Buchanan*, 2 J. J. Marsh. 416. The bond in question was voluntarily entered into, by both the principal and the sureties. The giving of such an obligation is not prohibited by the statute, nor is it inconsistent with the policy of the law. By the execution of this particular obligation, the principals under color of legal authority obtained the control of the personal estate of Prichett, and proceeded to make such a disposition of it, as the law authorizes administrators to make. In thus disposing of the estate, they became entitled under the statute, to commission for their services. The right to receive compensation in the shape of commissions, was a valuable consideration, sufficient to uphold the promise of the principals. What is a sufficient consideration to support the promise of the principals will sustain the promise of the surety. *The United States* v. *Linn*, 15 Peters, 290; *Leonard* v. *Vredenburgh*, 8 Johns. 29.

The other error cannot be maintained. The only issue in the case was that of *non est factum*. By that plea, the defendants merely denied the execution by them, of such a bond as was described in the declaration. This was the only fact in dispute. The plaintiffs fully made out their case, by the introduction of such a bond as they had declared on.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*