The judgment of the court was pronounced by
Slidell, J.
The defendants are judgment creditors of the plaintiff. He has enjoined, the execution of the judgment.
The act of 1842 (p. 210) directs: “That hereafter all sheriff’s and coroner’s sales shall be advertised to take place, and shall take place, at the court house, or at some other public place in the vicinity of said courthouse, on the first Saturday in each month, commencing at eleven o’clock, after the expiration of the time required by the law for advertisement of such sales; and the said sheriff or coroner shall have the right to adjourn said sale to the Monday following, and then from day to day, only in case there shall not be time to conclude the same in one day.” In the present case, the sheriff having seized certain property, gave the defendant in execution, Dorsey, notice that he would proceed to advertise the property to be sold on a certain day at the court house door, between the hours of 10 A. M* and 4 P. M. The advertisement states in one portion of it, that the property will be sold at the court house door, on the day named, “within the usual hours of sale,” and in another portion “within the hours of 10 A. M. and 4 P. M.” Copies of the notice and advertisement were annexed to the petition of injunction, and the complaint in the petition is that the hour of commencing the sale is not designated, and that the hour of 11 A. M. should have been specifically designated. But there is no averment that the sheriff intended to sell before the hour of 11 A. M., nor did his advertisement announce an intention to do so. If, therefore, the appellant be right in his position, that the sale could not properly commence before 11 A. M., still there is no showing of *156 an intention on the part of the sheriff to violate the law at the sale. In the abseoce of an allegation under oath to the contrary, the creditor is entitled to the benefit of .the presumption, thatthe sheriff would not on the day of sale violate what is said to be his legal duty. As the petition is framed, there is nothing to show a well founded apprehension of injury or violation of the defendants rights. There is, therefore, no equitable case to justify the remedy of injunction.
Another matter charged in the petition is, that the sheriff, after his election in November, 1847, had not taken the oath of office until June, 1849; and consequently is not now authorised to act, and his office has become vacant by the omission. It appears by the petitioner’s own showing that he was duly elected, and was acting as sheriff when the petition for injunction was filed, viz. August, 1849. To make the public the victim of the sheriff’s omission by declaring his acts null, would be repugnant to justice and the well settled doctrine. See Buckman v. Ruggles, 15 Mass. 183. Mason v. Dillingham, Ib. 271. McInstry v. Tanner, 9 John. 135. Citizens’ Bank v. Bry, 3d Ann. 633. Bacon’s Abridg. verbo Office E. The People v. Collins, 7 John. 549. Kirkman v. Wyer, 10 Mart. 156.
It was further alleged, as a reason why Travers was incompetent to proceed as sheriff in the execution of the fieri facias, that he has, since his election as . sheriff, accepted the office of parish tax collector, under an appointment of the Police Jury of the Parish of Carroll. This, it is said, is in violation of the 126th article of .the Constitution, which ordains, “that no person shall hold or exercise at the same time more than one civil office of emolument, except that of justice of the peace.” -The office of parish tax collector, if office it be, (upon which point we express no opinion,) is a municipal office. That of sheriff is a State office. The incompatibility contemplated by the Constitution is'the holding of two State offices. In expressing this opinion, however, we do not wish to be considered as recognising the right of the plaintiff to have the question of forfeiture of office determined in this mode of proceeding.
It is also alleged that the sheriff had no rightto act intheservice of citation in the suit of Vaughan v. Dorsey ; in which case, however, the plaintiff admits that he appeared and defended. On this ground, it is urged, the judgment was void. Other matters are also alleged of a similar character, touching the validity of the judgment, which it would be an unnecessary waste of time to mention in detail. The objections .to the validity of the judgment are frivolous.
The course of justice had been so seriously impeded by the practice of taking out injunctions upon frivolous pretexts, that the Legislature found it necessary to enact the statute of 1831, authorising courts when an injunction of .an execution is dissolved, to condemn the plaintiff and surety in solido to pay the creditor interest at ,tlie rate of ten per cent per annum on the amount of the judgment, and twenty per cent damages.
This was a great and extraordinary power, and shows the legislative opinion as to the extent of the evil, and the importance of restraining it. It is the duty of courts to give effect to the legislative will and fhe declared policy of the State, and mulct in exemplary damages those who wantonly abuse the equitable remedy of injunction.
It is therefore decreed, that the judgment of the district .court be so amended as that the said H. B. Vaughan and Spn recover from the said Zachariah H. Dorsey and his surety Thomas V. Davis in solido, the further sum of $46, as damages, and the further sums of $3 64 as additional interest; and the costs of the appeal to be paid by the appellant.