STEPHEN COOLIDGE *vs.* CHARLES BRIGHAM.

The validity of the appointment of one who holds a commission as justice of the peace. and has taken the oaths of office, cannot be inquired into in the superior court on a motion to dismiss an action which was originally made returnable before him.

CONTRACT, commenced by a writ dated April 4 1859, signed and issued by William Barnes of Marlborough in the county of Middlesex, as justice of the peace for said county, and made returnable before him April 16 1859. The parties appeared on the return day, and, after a trial, judgment was rendered for the plaintiff, and the defendant appealed to the superior court.

In the superior court the defendant moved that the action be dismissed, for the reason " that said Barnes in point of fact was not, at the time said action was commenced, or since, a justice of the peace, duly appointed, commissioned and qualified to try civil cases in said county." It appeared at the hearing upon this motion, that another person by the name of William Barnes, residing in Marlborough, had been for several years a justice of the peace, and so continued up to the time of his death, in 1856 ; that, in conformity to custom, and in ignorance of the fact of his death, a new commission in his name was made out and signed, in anticipation of the expiration of his former commission, and was sent by mail addressed to " William Barnes, Esq., Marlborough, Mass. " ; that the governor and council did not know of the existence of such a person as the William Barnes who signed the writ in the present action, and intended simply to renew the commission of the former magistrate ; and that the last named William Barnes received the commission, so addressed, from the post-office in Marlborough, and went with it before the governor of the commonwealth, who was not acquainted with him, and took the oaths of office.

It further appeared that the last named William Barnes was more than twenty one years of age at the time of receiving the commission from the post-office ; that, since the decease of the former William Barnes, he has been the only person of that name living in Marlborough ; and that, since taking the oaths of office, he has performed the ordinary duties of a justice of the peace for that county.

Upon this evidence, *Morton*, J. dismissed the action, on the ground that William Barnes, who signed the original writ, was not duly nominated and confirmed as a justice of the peace. The plaintiff alleged exceptions.

*G. A. Somerby*, for the defendant.

No counsel appeared for the plaintiff.

BIGELOW, C. J. The court had no authority to entertain the motion to dismiss this action on the ground relied upon by the defendant : and the admission of evidence in support of the

motion, and the order dismissing the action, were clearly erroneous.

The magistrate before whom the action was originally brought was an officer *de facto.* He was not a mere usurper, undertaking to exercise the duties of an office to which he had no color of title. He had an apparent right to the office. He had a commission under the great seal of the state, bearing the signature of the governor, with his certificate thereon that the oaths of office had been duly administered, and in all respects appearing to have been issued with the formalities required by the constitution and laws of the commonwealth. He was thus invested with the apparent muniments of full title to the office. Although he might not have been an officer *de jure,* that is, legally appointed and entitled to hold and enjoy the office by a right which could not, on due proceedings being had, be impeached or invalidated, he was nevertheless in possession, under a commission *prima facie* regular and legal, and performing the functions of the office under a color and show of right. This made him a justice of the peace *de facto.*

No rule of law is more firmly established than that which gives to the acts of such an officer the same efficacy and validity, so far as they affect third parties, as to those done by an officer *de jure.* His title or claim to the office cannot be tried in a proceeding to which he is not a party; nor can his authority to exercise its functions be called in question in a collateral proceeding. The reasons for this rule are obvious. It rests upon considerations of public policy, and the necessity of affording protection to those whose rights and interests may be affected by the official acts of persons exercising the authority and performing the duties of a public office, under an apparent title to its possession and enjoyment. It would create great difficulty and embarrassment, and lead to irremediable confusion and mischief, if, in every case where an official act is essential to give validity to the rights of third persons, it could be invalidated and set aside by proof of some informality or defect in the appointment or election of the officer who performed it. Nor is this the worst consequence which would follow. No one

would be safe in the execution of process issued by inferior courts or magistrates, if their justification in serving precepts, legal on their face and coming from persons clothed with an apparent authority to act, could be set aside and defeated by showing that the title of a judge or magistrate to the office which he claimed to exercise was defective and invalid. If such was the rule of law, innocent persons might be made to suffer for acting under an authority which they felt bound to obey, and of the invalidity of which they were wholly ignorant. *The King* v *Lisle,* Andrews, 163. S. C. 2 Stra. 1090. *Knight* v. *Corporation of Wells,* 1 Lutw. 508. *The King* v. *Corporation of Bedford Level,* 6 East, 366. *Margate Pier* v. *Hannam,* 3 B. & Ald. 266. *People* v. *Collins,* 7 Johns. 549. *Plymouth* v. *Painter,* 17 Conn. 585. *Monson* v. *Hunt,* Ib. 566. *Mc Gregor* v. *Balch,* 14 Verm. 428. If this action had been against the magistrate, and he had attempted to justify his acts under and by virtue of his commission as a justice of the peace, it might have been competent to show that his appointment was invalid and afforded him no protection ; but, with this sole exception, the only proper mode of trying the question of the validity of an appointment or election to a public office, which a person claims to exercise under a color or show of right, is by a *quo warranto,* or other proper process to which the officer is a party, and in which the title may be definitively and conclusively settled. *Fowler* v. *Bebee,* 9 Mass. 231. *Commonwealth* v. *Fowler,* 10 Mass. 290. *Strong, Petitioner,* 20 Pick. 484. *Sudbury* v. *Stearns,* 21 Pick. 148, 155. But it is not competent for any court, in a proceeding entirely collateral in its nature, to adjudge an election or commission void, and on that ground to vacate and annul official proceedings on which the rights of third parties depend.  *Exceptions sustained.*