## Wistar *versus* Philadelphia.

A contractor having done paving under the authority of the ordinance of May 7, 1857, of the city of Philadelphia, may file liens in the name of the city, for his use for the expense of the paving. Under the ordinance he is an agent of the city for the work, and his agency cannot be disputed by third persons by criticizing the technical forms of its investiture.

ERROR to the District Court of *Philadelphia.*

Opinion of the court by

LOWRIE, C. J.—We acknowledge ourselves somewhat surprised at being asked to reconsider this case, for it does not seem to us at all difficult. On the most common principles, the justice of the demand is very plain, for the common rule for a long series of years in Philadelphia, has been that new pavements are put down at the expense of the lot owners. And surely no wise and orderly mind can reasonably complain when he gets the common justice of the country, though he may wish that the country were wiser in order that its justice might be better.

This suit is brought in the name of the city. If it was brought without authority that defect ought to have been shown in a preliminary motion to dismiss it or strike it from the record. No court ever allows such an issue in the plead-

[Wistar *v.* Philadelphia.]

ings or on the trial. We must therefore assume that the city files this lien for the use of its unpaid workman, and this proves the agency of the workman, so far as this defendant can demand evidence of it. His agency is further proved by the recognition of proper public functionaries, the Commissioner of Highways and the City Solicitor, in contracting with him about the work.

Moreover, it is a well known rule of law that the acts of an officer *de facto*, who comes into office by color of title, are valid, as concerns the public and third persons, who have an interest in his acts. 7 Johns. 549. And we may adapt the expression of this rule to such a case as this, by saying that when a person has color of authority from his principal for his acts, by informal deputation, or by ratification, third persons are not allowed to dispute it by criticizing the technical forms of its investiture. And surely this is a plain and honest practical rule, and we have always found it to work well. And, so far, this justifies the act of 19th April, 1843, which excludes such a defence as this, and allows only a denial of the work, or its price, or an allegation of payment.

But, to found the lien, it was important to show law for it, that is, an ordinance authorizing the paving at the expense of the lot owners; and we think this was done. The resolution of 7th May, 1857, is an ordinance expressly authorizing the work, and, reading it by the light of the common usage relative to the mode of payment, we think it plainly means that it shall be done at the cost of the lot holders. That creates the authority and imposes the order of payment, if the authority be executed; and what matter is it to any one whether the city does the work itself, or gets the majority of the lot owners to do it, and they employ a paver, who employs others under him, provided the price is fair? No one is entitled to any notice about it. With or without notice he may dispute the price, and that is enough. The law prescribes none of the forms which the defendant insists on, and we cannot declare them essential. The work was authorized at the common expense. It was done, and the price is not disputed, and the defendant must pay his share.

Considering that we discussed all these questions before, it does not seem to us necessary to add more. None of the assignments of error are valid.

Judgment affirmed.