## SUPREME COURT.

### JOHN W. HAMLIN agt. HENRY DINGMAN.

An appointment of a *school district collector* under the statute, (*Laws* 1864, *Art.* 3, *Title* 7, *Ch.*, 555, § 32,) made by *parol*, by the trustees of the school district, does not vest the title of office, in the appointee. The appointment should be made in *writing* as required by the statute, under the hands of the trustees; it is the incumbents commission or warrant; and the statute having designated the mode and manner of making it, it becomes the very essence of the requirement.

A *parol* appointment of the collector, by a sole trustee of the school district, the execution of the bond by the collector, the approval thereof by the trustee, together with the delivery of a tax-warrant to him, constitute him an officer *de facto*, within the meaning of that phrase. And his acts as such *de facto* officer, are binding upon the public and third parties, and the title to his office cannot be inquired into collaterally.

But so far as the officer himself is concerned, the government may try the right to the office by *quo warranto*; and the title to the office may also be questioned where he is a party, and is sued for an act which he can only justify as an officer.

The *sole trustee*, (defendant) who attempted to create the collector an officer, and to endow him with the rights and functions of office, but disregarded the provisions of the statute as to the mode and manner of executing the power vested in him, stands in no better position. He is in no just sense a stranger to the acts and doings of the collector, and was not ignorant of the defects of his appointment, and knew it was void, and yet sets him in motion with a command to seize and sell the property of others. He is also liable to the plaintiff as a wrong doer.

*Erie Special Term, January,* 1871.

THIS was an action of trover for the conversion of a yoke of oxen, proved to be the property of the plaintiff.

The defendant was sole trustee of a school district, and as such trustee made out and delivered to one Fowler Munger, a tax warrant against the tax payers of the district, among them the plaintiff, and by virtue of such warrant, the said Fowler, levied upon and sold at public auction, the property in question.

From the bill of exceptions, it appears, that prior to the making of said tax warrant, a vacancy, existed in the office

Hamlin agt. Dingman.

of collector for the district—and to fill such vacancy, the defendant by parol and not in writing, appointed the said Fowler Munger, collector, who before receiving such warrant, executed a bond, which the defendant approved. The execution of the bond and the approval thereof by the defendant, was proved by parol, under the plaintiff's objection and exception, that the bond should be produced.

At the close of the proofs, the judge held, that there was no question for the jury, and directed a verdict for the defendant, to which the plaintiff excepted.

CORLETT and TABOR, *for plaintiff.*
STEPHEN LOCKWOOD, *for defendant.*

BARKER, *J.*—The plaintiff seeks to maintain an action of tort against the defendant. In support of his position he claims that the appointment of Munger, as collector, by the defendant, was not in form or substance a compliance with the provisions of the statute, and therefore, void ; that at most, Munger was only an officer *de facto.*

That the action being prosecuted by the plaintiff, to test the validity of the act of seizing his property, the defendant, from whom Munger received his appointment, must establish that he was an officer *de jure.* That the defendant is in no better position to defend than Munger would be, had the plaintiff chosen to prosecute him.

It is provided by section 32, article 3, title 7, chapter 555, laws of 1864, that any vacancy in the office of collector may be supplied by appointment under the hands of the trustees of the district, and the appointee shall hold his office until the next annual meeting of the district.

By section 33 it is provided "Every appointment to fill a vacancy shall be forthwith filled by the * * * trustee making it in the office of the district clerk, who shall immediately give notice of the appointment to the person appointed."

Every person chosen or appointed to a school district office, who, being duly qualified to fill the same, shall refuse to serve therein, shall forfeit five dollars. (*See sec.* 34.)

The precise question presented is, can an appointee under this statute be vested with the title of office, to which he is appointed, unless the appointment be in writing under the hand of the trustee.

The language of the statute is plain, that the appointment must be in writing, and the fact that the appointment is required to be filed with the clerk, is further evidence of the intention of the legislature.

Considering the object in view, the creation of a public officer, the statute cannot be construed to be only directory. The appointment in writing is the incumbent's commission or warrant. The fact of his appointment cannot be proved by parol, as satisfactorily as in writing—for the reason the evidence of the act would be uncertain and remain doubtful. The death of the trustee might destroy all evidence of the appointment. The exercise of this power to create a public officer must be by some public act. In the case before us the statute has designated the mode and manner, and it is the very essence of the requirement.

The filing of the appointment with the clerk, and other things required to be done subsequent to the appointment, are doubtless formal in their nature, and a deviation from the requirements of the statute would not impair the appointment, so far as third persons are concerned.

If the interpretation I have given to the statute be correct, then Munger was not an officer *de jure.*

The parol appointment, the execution of the bond, the approval thereof by the trustee, together with the delivery of the tax warrant, constituted him an officer *de facto,* within the meaning of that phrase. His acts as such *de facto* officer, are binding upon the public and third parties, and the title to his office cannot be inquired into collaterally.

Hamlin agt. Dingman.

But so far as the officer himself is concerned, the government may try the right to the office by *quo warranto*, and the title to the office may also be questioned where he is a party, and is sued for an act which he can only justify as an officer. (*Fowler* agt. *Beebe*, 9 *Mass.*, 231; *Coolidge* agt. *Brigham*, 1 *Allen*, 333.)

In the latter case, the court after suggesting that the magistrate who issued the process, upon which the action was based, was only an officer *de facto*, remarks: " If this action had been against the magistrate, and he had attempted to justify his acts under and by virtue of his commission as a justice of the peace, it might be competent to show that his appointment was invalid, and afforded him no protection."

In *The People* agt. *Hopson*, (1 *Denio*, 579,) it is held that an officer *de facto* cannot recover fees or justify his own acts, unless he also shows that he is an officer *de jure*. That " when one man attempts to exercise dominion over the person or property of another, it becomes him to see that he has unquestionable title." In *Riddle* agt. *Bedford*, (7 *Serg. & Rawle*, 386,) the court held the true distinction to be this, in cases where the acts of a *de facto* officer are questioned; that the office is *void* as to the officer himself, but valid as to strangers. (*See also Green* agt. *Burke*, 23 *Wend.*, 503).

If, then, Munger had been sued, and charged as a tresspasser, for this act of his, seizing and selling the plaintiff's oxen, he could not have justified, for the reason he had no legal title to the office.

The defendant, who attempted to create Munger an officer and to endow him with the rights and functions of office, but disregarded the provisions of the statute as to the mode and manner of executing the power vested in him, stands in no better position. He is in no just sense a stranger to the acts and doings of Munger, and was not ignorant of the defects of his appointment and knew it was void, and yet

sets him in motion with a command to seize and sell the property of others.    He is also liable to the plaintiff as a wrong doer.    (*Cummings* agt. *Clark*, 15 *Vt.*, 163.)

For the purpose of showing that Munger was an officer *de facto*, it was competent to prove, by parol, that he had executed a bond, and the same was approved by the trustee. The contents of the bond nor the form of approval, were attempted to be proved.

If, upon another trial, it shall appear from the bond, that it contains a full recital that the defendant, as trustee, had appointed him to the office of district collector, and under or upon such bond he has indorsed a written approval, an interesting question will arise—whether it will not be a substantial compliance with the provisions of the statute, and amount to an appointment under the hand of the trustee.

In this action, where the plaintiff charges the defendant as a wrongdoer, he cannot prove that the school district record, wherein it appears that the tax levied by the defendant was voted, is false and erroneous.    In appropriate proceedings he can correct the record, and cause the tax assesed to be set aside.

A new trial is granted, with costs to abide the event.