## Northampton Borough v. Coplay Cement Mfg. Co.

*Irving Coleman*, for complainant.

*Louis M. Stamberg*, for respondent.

HENNINGER, P. J., April 12, 1948.—This action in equity to abate an alleged nuisance was instituted by a bill in equity signed and sworn to by Allen A. Bartholomew, president of the borough council, and countersigned by the borough solicitor.

Defendant filed five preliminary objections, viz., (1) bill invalid because not signed by burgess; (2) allegations in paragraphs 12, 18, 19 and 21 of the bill so insufficiently averred that it is impossible to answer; (3) the same as to paragraph 15; (4) the same as to paragraph 16; (5) impropriety of paragraph 22 to the effect that there is no adequate remedy at law.

It is to be noted that nowhere in the bill of complaint does the president of borough council recite any authority to bring this action. The borough solicitor, however, justifies his action by reference to certain sections of the Borough Code, as reënacted by Act of 1947, as follows:

"Sec. 111—'Corporate authorities' or 'corporate officers' means the borough council."

"Sec. 1001—. . . The president shall preside over the meetings of council and, when absent, his place shall be filled by a president pro tempore."

"Sec. 1202—The powers of the borough shall be vested in the corporate officers. They shall have power . . .

"VIII.—To prohibit and remove any obstruction or nuisance in the streets of the borough;

"IX.—To prohibit and remove any nuisance or dangerous structure on public or private grounds, . . . or may seek relief by bill in equity."

Defendants contend that the burgess is the proper person to execute the bill of complaint under these sections of the Borough Code, as reënacted, supra, viz.:

"Sec. 1028—It shall be the duty of the burgess:

"I.—. . . to remove nuisances . . .

"III.—To sign such papers, contracts, obligations and documents as may be lawfully required by council."

While this preliminary objection specifically relates to the manner of execution of a bill in equity on behalf of a borough, it raises the fundamental question of the right of a council president and borough solicitor to initiate a bill in equity without showing that they have been authorized to do so.

The borough solicitor cannot merely by virtue of his office commence and defend actions or bring suits unless he is specially authorized to do so: Philadelphia v. Trustees of Gas Works, 12 W. N. C. 477.

Nor is the power to sue in the name of a municipality possessed by every one of its officials and agents: Lebanon v. Lebanon & Annville St. Rwy. Co., 1 Dist. R. 563; Wistar v. Philadelphia, 3 Grant 311. The latter case also provides that authority to sue on behalf of a municipality must be shown preliminarily.

We find nothing in the Borough Code to alter the law as stated in the above cited cases. It is significant that in the definition of "corporate officers" in section 111 of the Borough Code it is the "Borough Council" and not "the members of the Borough Council" who constitute the corporate officers.

Certainly it could not be contended that every member of council could independently exercise the powers of the borough vested in the corporate officers. The only powers possessed by the president of council over and above that of other members are (section 1001) to "preside over the meeting of council" and under section 1030, to perform the functions of the burgess in his absence or incapacity. He is not an executive

officer of the borough and even if he were he would not have the right to bring suits without authorization.

The Borough Code does not in apt language prescribe who shall execute pleadings for a borough. Section 1028-III, above cited, indicates that the burgess is the proper person to sign papers for council and section 1110 provides that the secretary of council shall attest the execution of all instruments.

Pa. R. C. P. 2101 ff., relating to municipalities as parties, does not refer to the execution of pleadings; nor does Pa. R. C. P. 2176 ff, relating to corporations as parties, shed any light on our problem. While Pa. R C. P. 2176 defines "executive officer" of a corporation, the definition applies only to the persons who may be served with process under Pa. R. C. P. 2180(1).

Had the bill in equity been executed by the burgess and attested by the secretary it might have been argued that such execution imported authority by analogy with the Act of May 12, 1925, P. L. 615, sec. 2, 15 PS §61, relating to corporations; although even in that case better practice calls for a recital of authority. Certainly if any document purportedly executed on behalf of the borough is otherwise executed, authority for such irregular execution should be clearly shown.

We cannot hold, however, that the alleged irregularity is fatal. Neither the Practice Act of May 14, 1915, P. L. 483, sec. 9, 12 PS §391, nor Pa. R. C. P. 1024(c), nor Equity Rule No. 9, referring to the verification of pleadings, is specific as to the person who shall swear to a pleading. None of them prescribes that any particular person shall sign, much less "execute" the pleading. "Verification" must be by an individual on his own responsibility and, therefore, although it might be made by several persons, each would still swear as an individual and not as a person whose signature might be required to execute a document on plaintiff's behalf.

Courts do not look too closely to the observance of corporate niceties in the execution of pleadings. Thus it has been held that a seal need not be attached (East End Reformed Presbyterian Cong. v. Rev. O. B. Milligan et al., 40 Pitts. L. J. 7) and that a signature of the corporation by its president is sufficient: Beth. Poster Corp. v. Bethlehem et al, 2 D. & C. 307.

Respondent has a right to know, however, whether or not this action was actually brought on behalf of the Borough of Northampton (Philadelphia v. Gas Works, supra; Lebanon v. Rwy. Co., supra; Wistar v. Philadelphia, supra) and therefore preliminary objection 1 is well taken as a challenge to the right of the president of council to bring this suit. If, in fact, the council of the borough conferred that power upon its solicitor and president or either of them, we will permit complainant to amend its bill to set out that authorization.

If plaintiff's case rested solely on paragraphs 12, 18, 19 and 21 of the bill, which are the subject of defendant's preliminary objection 2 and which complain that defendant operates its plant inefficiently, unreasonably and negligently, we would probably hold the facts insufficiently averred. Since, however, plaintiff has sufficiently pleaded in paragraphs 8 to 11 inclusive, that defendant is emitting cement dust which settles upon the borough to its injury, we hold these other paragraphs to be general statements that such emission was negligent. We do not believe that plaintiff is bound to state at this time what impropriety in defendant's operation of its business is causing the alleged nuisance.

Paragraph 15, the subject of preliminary objection 3, states that in the "immediate past" defendant has increased its operations and thereby aggravated its injury to Northampton residents. Whether the term "immediate past" is a specific or relative term is of little importance. Defendant should be in a position to know when or whether it increased its production.

Preliminary objection 4 relates to paragraph 16 which complains that the condition created by defendant's operation of its plant prevented prospective industries from locating in the borough. Since there is no claim for monetary damages and this paragraph simply states an aggravation of the effects of the alleged nuisance, we do not believe that defendant is entitled to a specification of any firms which refused to locate in the borough.

Equity Rule 34 clearly forbids inclusion in a bill of formal averments and plaintiff's paragraph 22, stating that plaintiff has no adequate remedy at law, clearly violates that rule. Defendant's preliminary objection 5 must therefore be sustained.