JOHN A. GRAY, Appellant, *v.* SAMUEL W. GREEN et al., Respondents.

(Argued April 18, 1879 ; decided May 20, 1879.)

THIS action was brought to set aside two assignments of a judgment in favor of plaintiff against defendants Green and

Burr, and a satisfaction of the judgment, on the ground of
fraud, and that the assignment from plaintiff was made as
security for a usurious loan.

The issues in this action were tried by the court at Special
Term, upon whose findings ·judgment was entered in favor
of the plaintiff. From that judgment all the defendants
appealed to the General Term of the Supreme Court, where
the judgment was modified — but not on any question of
fact — and, as modified, affirmed; from that judgment the
plaintiff appeals to this court.

Upon the findings, the case is this : The plaintiff Gray and
the defendant Green were partners prior to April 30, 1869,
when the partnership was dissolved by·a contract of that
date, under which Green became liable to pay Gray $106,000,
of which sum $6,000 was paid and the rest secured to be
paid by a lien upon certain property. In February, 1873,
Green defaulted, then owing of principal $65,000, and for
its recovery and to enforce his security, Gray commenced an
action in the Supreme Court against Green, as debtor, and
Burr, as one having an interest in the property upon which
Gray had·a lien. In April, 1874, the action resulted in a
judgment in favor of Gray for the sum claimed and interest,
amounting to more than $71,000. Green appealed, and
Burr became his surety. In August, 1874, Gray employed
the defendant Thomas as a broker to negotiate for him a loan
of $15,000, on the security of the contract and judgment
above referred to, promising to pay therefor ten per cent per
annum and to Thomas for procuring the loan $2,000.
Thomas subsequently represented to Gray that one Ander-
son would make a loan on those terms, and desired the plain-
tiff's note therefor payable in three years from date, with
interest added in at the rate of ten per cent per annum ;
and it was agreed between the plaintiff and Thomas that the
sum of $15,000 should be loaned for three years at the rate
of ten per cent per annum ; that the principal and interest
should be incorporated in the note, thus making the note
$19,500 ; and that the plaintiff should assign the judgment
and contract above mentioned, as collateral security for the
payment of the note. As the agreement was about being

closed, Thomas requested that the note should be made payable to himself, and the assignment of the judgment and contract made to him, stating that he was interested with Anderson, and was to furnish a large part of the money. The plaintiff consented thereto, and on the 10th of September, 1874, made his note dated that day, by which, for value received, he promised to pay three years thereafter to the order of Thomas $19,500, and delivered the same to Thomas. At the same time, but before delivery of the note, there was written upon it as follows : "Received, New York, September 10, 1874, from John A. Gray, as collateral security for the payment of the within note at or before maturity ; first, an assignment of a judgment by John A. Gray against Samuel W. Green for $71,979.23 ; second, the assignment of a contract between said Gray and Green, dated 30th of April; 1869." Thomas signed this receipt and paid the plaintiff $15,000, out of which the plaintiff then and there paid to Thomas the $2,000, as agreed. The statements as to Anderson were untrue, and made by Thomas with intent to defraud Gray and to procure the apparent title to the judgment and contract. The court also found that Thomas " acted for himself in making the agreement for the said loan to the said Gray ; and that the said agreement was made with intent to receive or take interest at a greater rate than seven per cent per annum, upon a loan of money, with intent, to violate' the statute of this State regulating the interest of money, and in violation thereof ;" and that the agreement and note and the assignments are each usurious, null and void.

· The court further found that : In August, 1874, so being the agent of Gray, and authorized to procure a loan of money upon the judgment and contract, Thomas entered into negotiation with one of the attorneys and counsel for the defendants, in the action on which the judgment was recovered for its purchase and transfer to Burr and Green, or one of them ; and thereupon the attorney, under authority from Burr and Green, " and with full knowledge on his and their part that Thomas was the agent of Gray and had been employed and authorized to procure a loan of $15,000 upon

the judgment and contract for Gray, and that Thomas had no interest in or authority to sell them, agreed with him that if he would obtain an assignment of the judgment and contract from Gray to himself, for $20,000, and assign it to Burr, he should receive $21,000 therefor;" and the attorney then prepared and delivered to Thomas an assignment running to Thomas of the judgment and contract to be executed by Gray, and one from Thomas to Burr, and also a satisfaction-piece of said judgment to be executed by Thomas, as the attorney in fact of Gray. Burr, by the attorney and counsel aforesaid, delivered to one Brewer $21,000 to be delivered to Thomas on the receipt of the papers executed by Gray and Thomas. He delivered the money, and "the $15,000, above mentioned, as loaned by Thomas to Gray, was a part thereof;" but Gray was ignorant of any connection on the part of the attorney or Burr or Green with the transaction, "and knowledge of such fact was withheld from him." The satisfaction-piece of the judgment and the several assignments bear date September 10, 1874, and were duly executed on that day, the satisfaction-piece filed in the proper clerk's office, and the judgment marked on the docket satisfied. Other facts are stated showing fraud practiced upon Gray through the instrumentality of Thomas. The Special Term found, as conclusions of law, that the assignment and the satisfaction of the judgment were null and void, and directed judgment that they be canceled and the entry of satisfaction be vacated, and that plaintiff is entitled to enforce his judgment in the same manner as if they had not been executed. The General Term modified the judgment so as to allow the plaintiff to redeem by the payment of the sum received by him, i. e., $15,000 with interest. *Held*, that the judgment of the Special Term was right; that it was obvious that Gray had in view one contract only, a loan of money; that Thomas, in all his dealings with Gray, treated the transaction as a loan of money; that the defendants knew that Gray was desirious of borrowing money and that Thomas was his agent, employed by him for that purpose only; they furnished Thomas with money, with it he made what he treated as and Gray believed to be a loan; that the fact that

the defendants intended a fraud, and not a contract should not be received as an excuse to relieve them from the consequences of such a transaction as Gray supposed he was entering into, and as the papers executed between him and Thomas indicate ; and that, therefore, the court below were justified in holding that the transaction was in fact a loan of money at an usurious rate of interest.

The counsel for the respondent insisted that if usury did exist between Gray and Thomas, yet the subsequent assignment by Thomas to Burr could not be impeached because of that usury in the original transaction ; and in support of that position cited *Jackson ex dem. Bartlett* v. *Henry* (10 J. R., 185), and *Jackson* v. *Bowen*, (18 id., 110). *Held*, untenable ; as the authorities cited relate to cases where the original usurious contract had been changed by a new contract founded upon it, to which an innocent person is a party, which was not Burr's position ; that Gray received the money, executed the note, and transferred the securities in pursuance of an agreement between himself and Thomas, void for usury. Burr became the holder of the securities, but not innocently or in good faith, and he cannot avoid the condemnation of the statute, by the plea that he obtained them fraudulently, and not as a party to the usurious contract ; that the assignments were void at the outset, and remain so in the hands of Burr : (1 R. S., 772, § 5.) " Even a *bona fide* holder of the tainted instrument cannot protect himself :" (*Thompson* v. *Berry*, 3 Johns. Ch., 394.) The appellant, as purchaser from Thomas of a chose in action, stands in his place, has no better right or title, and is subject to all the equities which subsist against him : (*Davies* v. *Austen*, 1 Vesey, 247 ; *Trustees of Union College* v. *Wheeler*, 61 N. Y., 88 ; *Crane* v. *Turner*, 67 id., 439.)

*John E. Burrill* for appellant.

*Edward N. Dickerson* for respondents.

DANFORTH, J., reads for reversal of judgment of General Term, and for affirmance of judgment of Special Term.

All concur, except CHURCH, Ch. J., absent.

Judgment accordingly.