EDWARD J. CHAPIN, Appellant, *v.* JOSEPH THOMPSON, Respondent, Impleaded, &c

*Motion for a new trial, after the trial of specific issues by a jury—when it must be made—Usury—when the mortgagor is not estopped from setting up the defense of, by reason of his having recognized the mortgage as valid in a general assignment.*

Where, in an action brought to foreclose a mortgage, issues of fact are framed and, in pursuance of an order to that effect, tried by a jury, a motion for a new trial on a case and exceptions, founded upon irregularities committed on the trial by the jury, must be made before the entry of judgment in the action, otherwise the findings of the jury will be deemed to have been acquiesced in, and questions of fact involved therein cannot be reviewed on an appeal from the judgment.

Where, after giving a mortgage to secure a usurious loan, the mortgagor subsequently executes to the mortgagee, who still holds the mortgage, a general assignment of all his property in trust to pay his debts, and in an inventory of his property and debts, subsequently made thereunder, recognizes the mortgage as a valid lien, and the debt it was given to secure as a valid debt, he is not thereby estopped from setting up the defense of usury in an action brought to foreclose the mortgage, by the mortgagee or his assignee, where there is no proof that the latter took the assignment on the faith of such recognition.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action at Special Term.

*Magone & Holbrook,* for the appellant.

*Edward C. James,* for the respondent.

WESTBROOK, J.:

This action was brought to foreclose a mortgage for the sum of $6,000, executed September 12, 1876, by the defendant, Thompson, to one Abiel E. Helmer, and assigned by Helmer on April 5, 1878, to the plaintiff.

Thompson defended the action upon the ground of usury, claiming that Helmer had demanded, as a condition of making the loan which the mortgage was given to secure, the sum of $600 in addition to the legal interest, which sum Thompson had paid.

In July, 1878, by order of the Special Term, it was directed that the questions of fact arising upon the answer should be tried by a jury, and interrogatories were framed for that purpose.

The issues were tried in October, 1878, at the St. Lawrence Circuit, before Mr. Justice TAPPEN, and the jury found that the loan secured by the mortgage was made upon an understanding and agreement that the borrower should pay to the lender, and did pay to him, the sum of $600, in addition to the legal and lawful interest, as the consideration for the loan.

In November, 1878, the case was heard at Special Term by Mr. Justice TAPPEN. No motion was made for a new trial of the issues, but the plaintiff, the court having "approved and adopted said verdict, . . . applied upon the pleadings, proofs and verdict herein for judgment of foreclosure and sale, without a judgment for the deficiency, and the defendant, Joseph Thompson, . . . applied thereon for a judgment, declaring said bond and mortgage void, and enjoining any prosecution thereon, and ordering the same to be surrendered and canceled." Upon such hearing the court found the execution of the bond and mortgage as charged in the complaint, and that they were given to secure a loan made upon the usurious agreement alleged in the answer. The court further found that on October 22, 1877, the defendant, Thomp-

son, made a general assignment of all his property, real and personal, to Abiel E. Helmer, the mortgagee, and then the holder of said mortgage, in trust for the payment of his debts; and " in the schedule of Thompson's creditors, contained in his inventory, made pursuant to chapter 466 of the Laws of 1877, was inserted the name of the said Helmer, as his creditor for $6,000, ' for money loaned secured by mortgage,' and among said Thompson's assets, and as a part thereof in said inventory, were described the lands so mortgaged to said Helmer, and at the end of each parcel so described was inserted the statement, ' mortgaged to Abiel E. Helmer to secure the payment of $6,000, dated September 12, 1876, interest due on said mortgage from March 12, 1877,' and the estimated value of the land so mortgaged was added at the end of such statement."

The court also found that Helmer accepted the trust, but that he " has made no account of his proceedings as such trustee," and that " on the 5th day of April, 1878, said Helmer, by an instrument under his hand and seal, duly assigned and transferred the said bond and mortgage, for a valuable consideration, to the plaintiff, Edward J. Chapin, and about ten days afterwards, this action was commenced; there was not any agreement or understanding between said Helmer and Chapin, upon which said bond and mortgage were transferred by Helmer to Chapin, in addition to what is expressed in the written assignment thereof."

As conclusions of law the court held: " 1st. That said bond and mortgage are usurious and void.  2d. That the plaintiff is not entitled to any relief thereon as against the defendant, Joseph Thompson, or his property in the hands of said assignee.  3d. That the defendant, Joseph Thompson, is not estopped or precluded from availing himself of the defense of usury against said bond and mortgage.  4th. That judgment should be entered herein, declaring said bond and mortgage usurious and void, and enjoining any prosecution thereon, and that the said bond and mortgage be surrendered and canceled as provided by statute."  Costs were also awarded to the defendant, Thompson, as against the plaintiff, " but no costs are allowed to or against any other parties."  Judgment having been perfected upon the decision, the

plaintiff appeals to this court, and seeks to reverse the judgment upon alleged errors committed upon the trial by the jury, and also because, as he insists, the decision in favor of the defendant was erroneous in law upon the facts found.

Before proceeding to the discussion of the questions which have been presented upon this appeal, it should be stated that no motion for a new trial of the issues found by the jury was made before judgment, as required by section 1003 of the Code of Civil Procedure, and that the Court of Appeals have held in this very action that a motion for a new trial upon a case with exceptions could not be entertained by the Special Term after judgment. From that decision it must follow that the alleged errors committed upon the trial before the jury cannot now be considered on this appeal. If a motion for a new trial had been made before judgment, as required by section 1003, no separate appeal could have been maintained from the order (Code of Civ. Pro., § 1347, subd. 2), but the defendant, in his notice of appeal from the final judgment, would have specified the intermediate order he wished to review. (Code of Civ. Pro., §§ 1301, 1316, 1317.) Unless, however, a motion for a new trial has been made at Special Term, the findings of the jury will be deemed to have been "acquiesced in, and the questions of fact involved therein cannot be reviewed on appeal." (*Ward* v. *Warren*, 15 Hun, 600.) And as the Court of Appeals have held, as already stated, in this very case, that such motion must be before judgment, it follows that the plaintiff is without remedy to review the alleged errors upon the jury trial.

This leaves but a single question for our consideration, and that is, was the defendant, Thompson, by reason of his assignment of all his property to Palmer in trust to pay debts, and the statement in his schedules of this mortgage as a valid debt and an existing lien, estopped from interposing and setting up the defense of usury ?

In the discussion of this question it should be observed that there has been no finding by the court to the effect that the present plaintiff took the assignment of the bond and mortgage upon the faith that Thompson had in and by the assignment recognized them as valid obligations; nor have there been any requests to

find any facts upon that subject, as required by section 1023 of the Code, so that this court can, for itself, consider the evidence, and from it, if such a conclusion was thereby justifiable, find an estoppel, based upon the consideration that the defendant, Thompson, has misled the plaintiff to his injury. The case presents only this bald question. If the mortgagor, in addition to the execution of a mortgage to secure a loan tainted with usury, subsequently executes to the same mortgagee, who still holds the void mortgage, a general assignment of all his property in trust to pay debts, and in an inventory of his property and debts, subsequently made thereunder, recognizes such mortgage as a valid lien, and the consideration thereof as a valid debt, is he thereby estopped from setting up the defense of usury to an action brought to foreclose the mortgage?

It matters not whether the action is brought by the mortgagee or his assignee, for, unless new or different equities exist in favor of the latter, by reason of the fact that the mortgagor induced the assignment, and none are found in this case, the law is well settled, that the assignee of a mortgage takes it subject to any defense which existed against it in the hands of the mortgagee.

A reference to the statutes of our State (2 R. S., 6 ed., pp. 1164, 1165, 1166), in regard to the rate "of the interest of money," will show how sweeping they are in declaring void "*all* bonds, bills, notes, assurances, *conveyances, all other contracts or securities* whatsoever (except bottomry and respondentia bonds and contracts), and all deposits of goods or other things whatsoever," given to secure the payment of a usurious loan. What is an assignment of the borrower's property to the lender to pay debts, including as a valid debt the usurious loan, but a conveyance or a security to secure the payment of a claim which the law makes unlawful? It may, of course, be plausibly argued, that the debtor can treat as valid a loan tainted with usury, and that he does so treat it, when he makes an assignment of his property for the purpose of paying it together with other debts. But precisely that argument can also be made upon the mortgage, for that is a conveyance or pledging of property for the specific purpose of paying the loan, as if it was a valid claim, and if it could prevail in the one instance it would also prevail in the other. The statute makes no distinction between the first, and

any subsequent security taken by the usurious lender, for by its express terms "*all* conveyances" and "*all* other contracts or securities" thus infected are void. The second or the third, and as many as the lender sees fit to exact, and the borrower is weak or foolish enough to give, are just as void as the one which was cotemporaneous with the loan. The usurer presents no claim to the tender mercies of the court, and has no standing to demand any protection, and the purchaser of the tainted instrument is in no better position. (See *Gray* v. *Green*, 77 N. Y., 615, and especially page 619, an action which was tried and decided at Special Term by the writer of this opinion.)

The case of *Hartley* v. *Harrison* (24 N. Y., 170) presents no such question as is now before us. There the mortgagor had actually conveyed the land, retaining no interest therein, and had charged the property in the hands of the buyer with the payment of the mortgage. It was precisely as if he had put so much money in the hands of the purchaser wherewith to pay the mortgage, which, being dedicated and pledged for that purpose, thereby created a new agreement between the mortgagee and the buyer. In this case, the original mortgagor has but placed additional property in the hands of the original mortgagee as security for the payment of the usurious loan. The mortgagee still held the mortgage, and the assignment to him conveyed no property to a third person for his benefit, thereby creating an obligation on the part of the person receiving the transfer to pay to the mortgagee, according to his agreement with the mortgagor, of which the conveyance accepted by him is the evidence. Helmer was the holder of the mortgage, and assignee under the trust deed for the benefit of creditors, for six months prior to the assignment of the mortgage to the present plaintiff. There was at no time any disposition or sale of the property by the mortgagor, Thompson, which gave to a then holder of the mortgage any remedy depending upon the principle on which *Hartley* v. *Harrison* was decided. The present plaintiff is precisely in the position of Helmer, for the trust deed was held by the latter, when the former purchased the mortgage.

The question involved in this case was, however, expressly de-

cided in *Strong* v. *Strickland* (32 Barb., 284). In that action, though, by the general assignment of the mortgagor of all his property to pay debts, "the mortgage debt being placed among the preferred debts provided for and directed to be paid," it was held, that this did "not estop the mortgagor from bringing an action to cancel and set aside the mortgage on the ground of usury," and in the course of his opinion in that case, ALLEN, J., (p. 289) says: "A direction to Adams and Strickland to appropriate certain property to the payment of the mortgage debt, with other debts, does not estop the mortgagor from alleging usury, when the bond is sought to be enforced against him personally, or the mortgage against the property." It is true, because the judgment declared "the mortgage void as a lien and charge upon the premises, *to avoid all question for the future*," the learned judge said, the judgment "may be modified by providing in terms that the judgment shall not affect the claims of the mortgagee or assignee of the mortgagee under the assignment," but it is manifest, from the scope of the whole opinion, what the decision must have been, had the general assignees been parties to the action, and if there had been no finding, as there was (as shown by the original case, produced upon the present argument), that the assignee of the mortgage purchased it upon the faith of the clause in the assignment for the benefit of creditors, providing for its payment as a preferred debt.

In the case before us, as has already been said, there has been no special pledge of property to pay this particular debt. The assignment was a general one to pay all debts, and in it this mortgage debt was not mentioned. In the inventory required by law to be filed, however, the debt is recognized as existing, and as a lien upon the property embraced in the mortgage. If, when a general assignment for the benefit of creditors expressly provides for the payment of a usurious mortgage as a preferred debt, and an assignment is taken thereof on the faith of such a provision, the mortgagor could maintain an affirmative action to have the bond and mortgage annulled, it would seem to be clear that, under circumstances such as this case discloses, there could be no valid objection urged to a defense of usury by the mortgagor, when he is made a

party defendant to a foreclosure action, and when he has a clear interest in having the bond and mortgage declared void.

A further discussion of this question is unnecessary. The statute, if the light of an adjudged case did not guide us, is clear. The mortgage being void for usury, the attempt, by the mortgagee, to take to himself new and additional security by a general assignment, did not aid him. Both were absolutely void by the provisions of the Revised Statutes, and, being void, it would be remarkable if either could operate as an estoppel in favor of any party to the transaction, or in favor of one who occupies the precise position of one of the contractors, and who has not a single equity beyond that of the individual from whom he derived title.

The judgment appealed from should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment and order affirmed, with costs.